## McMULLEN et al. v. COLEMAN et ux.

### No. 2237.

Court of Civil Appeals of Texas. Waco.

Jan. 11, 1940.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, M. E. Gates, of Huntsville, Bennett & Bennett, of Normangee, and Brownlee & Brownlee, of Madisonville, for plaintiffs in error.

· Collins, Pate, Hatchell & Garrison, of Lufkin, and Joe E. Webb, of Madisonville, for defendants in error.

ALEXANDER, Justice.

W. N. Coleman and wife brought this suit against Morris McMullen and Elton Mc-Mullen, partners doing business under the trade-name of Mack's Motor Coaches, and William M. Forrest, to recover damages for injuries resulting in the death of Floradelle Coleman, a minor daughter of the plaintiffs. The facts were substantially these: The McMullens owned a motor passenger bus and Forrest owned a motor truck. While the passenger bus was traveling eastward on a public highway from Madisonville toward Crockett, the truck, which was following the passenger bus, attempted to pass the bus, and, in doing so, collided head-on with an automobile occupied by three fifteen year old girls, Floradelle Coleman, Rachel Janice Scott and Bettie Ash. As a result of the collision, the driver of the truck and all three girls were killed. The plaintiffs sued both defendants—that is, the owners of the passenger bus and the owner of the truck— as joint tort-feasors for damages for the death of their daughter, Floradelle. The owners of the passenger bus, in addition to denying liability, filed a cross-action against the owner of the truck and alleged that their negligence, if any, was passive, whereas the negligence of the driver of the truck was active, and consequently the owners of the bus sought contribution from the owners of the truck. There was a dispute in the evidence as to how the accident occurred. Some of the witnesses testified that the driver of the truck attempted to pass the bus without first ascertaining the approach of the vehicle occupied by the girls, while others testified that the driver of the passenger bus slowed the bus down or stopped it suddenly and without warning and that the driver of the truck was compelled to cross the center of the road to his left in order to avoid colliding with the bus. The jury found that the driver of the passsenger bus was guilty of negligence which proximately caused the collision, and acquitted the driver of the truck of all charges of negligence, and acquitted the three girls of all charges of contributory negligence. The jury found that the sum of $5,500 would compensate plaintiffs for the damages which they had sustained by reason of the loss of their daughter. Based on the verdict, the court rendered judgment for plaintiffs for $5,500. The owners of the passenger bus have sued out this writ of error.

In addition to the allegations above referred to, including the plea for contribution

by the owners of the passenger bus over against the owner of the truck, the owners of the passenger bus allege that the truck owner had settled with the plaintiffs by paying to them the sum of $1,000 in discharge of his liability and had thereby discharged both alleged joint tort-feasors. They further alleged that if the bus owners were not thereby wholly discharged, they were entitled to have the amount so received by the plaintiffs in said settlement applied as a credit on the plaintiffs' claim, thereby reducing the amount to be recovered by the plaintiffs proportionately. Upon the trial of the case the court refused to allow the plaintiffs in error, the bus owners, to introduce before the jury any evidence with reference to such settlement. The court, however, did hear the evidence with reference thereto, out of the presence of the jury. The evidence showed without dispute that Forrest, the owner of the truck, approached the plaintiffs for the purpose of settling his liability. After some negotiations the plaintiffs disclosed the matter to their attorneys, who informed them that they could not settle with one of the defendants without releasing the other. It was then agreed that in consideration of $1,000 the plaintiffs would assign to William M. Forrest, Jr., a twenty-one year old son of the defendant Forrest, any judgment which plaintiffs might recover against the latter. The agreement was then embodied in a written contract and William M. Forrest paid the plaintiffs the sum of $1,000 for his son in consideration of said assignment. The said William M. Forrest testified that at the time the agreement was entered into he paid the sum of $1,000 to the plaintiffs for his son, and that he thought he would be able to work out some kind of settlement with his son in the event a judgment should be rendered against him. As above stated, the plaintiffs in error were denied the privilege of disclosing the above transaction to the jury. With the record in this condition, the attorney for the plaintiffs, in his argument to the jury, stated that while he had originally sued William M. Forrest, the truck owner, for damages and had charged that the driver of the truck was negligent, he was convinced, after hearing the evidence, that said truck driver was not to blame, and for that reason he urged the jury to acquit said truck driver of all charges of negligence. The jury did so. While the jury found that the sum of $5,500 would fully compensate the plaintiffs for the injuries sustained by them on account of the death of their daughter, the trial court refused to allow a credit for the $1,000 which plaintiffs had received under said settlement, but rendered judgment against the owner of the passenger bus for the full sum of $5,500. All of this was assigned as error.

■ ■ There are two reasons why we think the record presents reversible error. In the first place, we think the trial court should have credited the amount found by the jury as being adequate compensation to plaintiffs with the amount previously received by plaintiffs in the settlement with William M. Forrest. While in Texas a settlement with and release of one of two alleged joint tort-feasors does not release the other, Baylor University v. Bradshaw, Tex.Civ. App., 52 S.W.2d 1094, par. 9, and authorities there cited, the amount received from one of them must be credited on the loss suffered by the injured party, and the amount of the recovery against the other reduced proportionately. This rule prevails even though it be found that the one released was in fact not liable. The holding is based on the principle that the injured party is entitled to but one satisfaction for a single injury. 36 Tex.Jur. 822; Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703, par. 3 and authorities there cited; El Paso & S. R. Co. v. Darr, Tex.Civ.App., 93 S.W. 166; Atchison T. & S. F. R. Co. v. Classin, Tex. Civ.App., 134 S.W. 358. The fact that in the case at bar there was an assignment of the judgment to be recovered against one of the alleged joint tort-feasors instead of a release of his liability does not alter the case. The money was received by plaintiffs in satisfaction of their claim against William M. Forrest, one of the alleged joint tort-feasors, and must be credited accordingly. Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703; Baylor University v. Bradshaw, Tex.Civ.App., 52 S.W.2d 1094. The appellees assert that the sum paid by Forrest was intended as a mere gratuity and not in acknowledgment of any liability. The record shows, however, that the defendant Forrest was being sued for the loss and that the money was paid to plaintiffs in consideration of an assignment of the cause of action against said defendant. The payment therefore cannot be classed as a gratuity. El Paso & S. R. Co. v. Darr, Tex.Civ.App., 93 S.W. 166; Atchison T. & S. F. Ry. Co. v. Classin, Tex.Civ.App., 134 S.W. 358.

■ In the second place, we think the method of presenting the case to the jury

---

was manifestly unfair. The plaintiffs entered upon the trial of the case apparently as adversaries of the defendant Forrest, seeking judgment against him, and when their attorney argued to the jury, he made, what appeared on its face to be, a confession or admission of his inability to make out a case against said defendant; but, in truth and in fact, his statement was a self-serving declaration, made for the purpose of augmenting his judgment against the other defendant. When the jury heard the attorney for the plaintiffs, an apparently interested party, admit that in his opinion the evidence was insufficient to show any negligence on the part of the truck driver, the jury doubtless weighed it accordingly and gave such credence thereto as would be justified by an admission against interest, whereas if it had been disclosed to the jury that the plaintiffs had already received the sum of $1,000 in full satisfaction of their claim against Forrest, and that it was to their interest to secure an acquittal of Forrest, so as to place the entire responsibility against the owners of the bus and thereby increase plaintiffs' recovery, much less credence would have been given to such self-serving declarations. These errors require a reversal of the judgment of the trial court.

The plaintiffs in error charge, in effect, that through the influence of the attorney for plaintiffs the court was induced to number all of the defendants' defensive issues by adding the letter "B" after the number of each issue so as to enable the jury to distinguish plaintiffs' issues from defendants' defensive issues, and that thereafter the attorney for plaintiffs took advantage of the situation by telling the jury to answer all of plaintiffs' issues in the affirmative and all of defendants' defensive issues in the negative. This procedure is assigned as error. Since the case must be reversed for other reasons and the error will not likely arise in the same manner upon another trial, we do not deem it advisable to discuss the assignment at length. It is sufficient to say that such practices are not to be encouraged, and if in the future such practice should be followed and it should appear that the jury was thereby induced to so answer the issues for the purpose of giving the plaintiff judgment and without actually deciding the fact issue involved, we would not hesitate to reverse the judgment.

Because of the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded for a new trial.