Larry LYNN and John R. Tharpe, Jr., Plaintiffs,

v.

SOUTHWESTERN ELECTRIC POWER COMPANY, Defendant.

Civ. A. No. M–77–27–CA.

United States District Court, E. D. Texas, Marshall Division.

July 6, 1978.

Robert M. Parker, Longview, Tex., for plaintiffs.

Herbert Boyland, Longview, Tex., for defendant.

## MEMORANDUM OPINION IN SUPPORT OF FINAL JUDGMENT

JOE J. FISHER, Chief Judge.

This is an action for personal injuries resulting from electrical burns suffered by Plaintiffs. On March 27, 1975, the Plaintiffs, along with Joe Don Bassham, were in the process of re-spooling a wire line truck owned by Plaintiffs' employer, Otis Engineering Company. The wire line truck in question had a tall mast through which ran a winch line; and as the Plaintiffs were in the process of picking up a spool of wire, the mast or the winch line came into contact with a 7200 volt power line which ran across one edge of the work yard of Otis Engineers.

Both of the Plaintiffs were in contact with either the winch line or the wire line truck and received severe electrical shocks resulting in disabling injuries. A suit was filed in the State District Court of Gregg County, Texas against Harold Lee Engineering Company, the company that designed and built the wire line truck in question, alleging a cause of action based on products liability or strict liability in tort. That suit was settled for the total sum of $414,266.33. The Plaintiffs sued Southwestern Electric Power Company, hereinafter called SWEPCO, alleging several particulars of negligence on the part of SWEPCO.

A jury verdict was returned in this case finding SWEPCO negligent on the occasion in question and said negligence a proximate cause of the occurrence. The jury also found that each of the Plaintiffs was negligent in causing the occurrence in question, and in apportioning the relative responsibility of the parties, the jury determined that the negligence of SWEPCO was the cause of 51% of the occurrence and that the negligence of each Plaintiff caused 49% of the occurrence. The jury further found that the Plaintiffs had each been damaged to the extent of $500,000.00.

In their Motion for Judgment, the Plaintiffs asked the Court to enter an appropriate Judgment based on the jury verdict and the facts outlined above. The jurisdiction of the Court is based on diversity, and under the *Erie* doctrine the substantive law of the state of Texas must be applied.

The Plaintiffs, in their Motion, asked that the Court to disregard the finding of 49% negligence on the part of the Plaintiff, Larry Lynn, because the testimony was to the effect that Larry Lynn was only a helper who was working under an operator. Further, the testimony was to the effect that Larry Lynn was not in control of the operation in question, but rather that Plaintiff, John R. Tharpe, and Joe Don Bassham were controlling the operation. Larry Lynn was being allowed to participate in the re-spooling operation only so that he could gain experience in the procedure. The testimony further showed that the Plaintiffs were depending on Joe Don Bassham to guide them as they maneuvered the truck and mast in question in an attempt to center it over the spool of wire so that the spool of wire could be raised. The Plaintiff, Larry Lynn, testified that at the time of the accident, he was leaning over the bed of the mast truck manipulating the levers that moved the mast and operated the winch line, and further, that his line of sight and attention were directed downward toward the levers which controlled these operations.

█ Whether Larry Lynn could have been negligent at the time of the occurrence is a close question. On the one hand, Mr. Lynn was a mere apprentice, and could not give orders or instructions to his two co-workers. Further, the only testimony at the trial was to the effect that Mr. Lynn's

attention was directed downward and away from the power line in question, and he was relying on Joe Don Bassham to give him all instructions and/or warnings concerning the movement of the truck and the mast. However, based on the evidence given, the jury did find that Larry Lynn was negligent on the occasion in question. In order to disregard that finding, the evidence would have to be such that reasonable men could not differ in arriving at the conclusion that Larry Lynn was not negligent on the occasion. Because of the severity and strictness of this test, the Court is of the opinion that the negligence finding on the part of Larry Lynn should not be set aside and disregarded, and under the law of Texas, the damages recoverable by Larry Lynn must be reduced by 49%.

On May 18, 1978, the Court entered Judgment in favor of Plaintiff, Larry Lynn, in the amount of $270,877.69 and in favor of Jack Tharpe in the amount of $272,400.16. Defendant has filed a motion to amend the Judgment contending that the Court should have credited the Plaintiffs' recovery for the full amount of the previous settlement or, alternatively, the Judgment in favor of each Plaintiff should be reduced by 51% after first reducing the amount of damages found by the jury by 51%.

The effect of Plaintiffs' settlement with Harold Lee Engineering Company is the question before the Court. The Plaintiffs settled their claim against Harold Lee Engineering for $414,266.33. The Defendant apparently asserts that it is entitled to credit this full amount against any amount otherwise recoverable by the Plaintiffs. The Plaintiffs assert that this settlement is of no consequence to the instant suit, because it is compensation received from an independent or collateral source and the Court should not consider the amount received in the settlement by the Plaintiffs for any purpose. In support of this assertion the Plaintiffs cite *Sweep v. Lear Jet Corporation,* 412 F.2d 457 (5th Cir. 1969).

The question presented is: When the Plaintiff settles a strict liability claim against a potential tort-feasor, and then sues and is awarded a verdict against a negligent tort-feasor in a suit arising out of the same occurrence in which the prior potential tort-feasor is not a party, what is the effect of the prior settlement?

There is dicta in *Sweep v. Lear Jet Corporation, supra,* which could be read broadly enough to support the Plaintiffs' position that they money they received from their settlement with Harold Lee Engineering Company was money received from an independent or collateral source. However, the Court states in the *Sweep* case that where the Plaintiff settled a *tort claim,* the Texas collateral source rule did not apply. 412 F.2d at 461.

One of the cases that must be considered in deciding this issue is *General Motors Corporation v. Simmons,* 558 S.W.2d 855 (Tex.1977). In the *Simmons* case, the Texas Supreme Court was faced with a situation where the Plaintiff sued three Defendants; one of the Defendants, General Motors, on the basis of products liability, and two other Defendants, Feld Leasing Co. and its employee, Johnston, alleging that Johnston was negligent in the course of his employment for Feld Leasing. The jury fond General Motors liable under a theory of products liability, and assessed damages. It was determined by the Supreme Court that the other two Defendants, Feld and Johnston, were negligent and therefore liable as a matter of law as a result of admissions they had made in their answer.

The facts developed by the Court show that the Plaintiff and Feld Leasing and Johnston settled their differences by a "Mary Carter"[1] agreement. The Court was thus faced with a situation where there were two sets[2] of true joint tort-feasors,

1. For an excellent explanation and discussion of Mary Carter agreements, see *General Motors Corporation v. Simmons,* 558 S.W.2d 855 at 857–858 (Tex.1977).

2. Feld Truck Leasing Corporation and Johnston were of course identified and considered together because Feld Leasing was involved only because of the vicarious liability attributed to it

and one had settled with the Plaintiff for a sum less than one-half of the total damages verdict awarded by the jury. The Court observed that Art. 2212a, Vernon's Ann.Civ. Stat., the Texas Comparative Negligence Statute, by its wording applied only to situations where there were two negligent Defendants, and ruled that in situations involving a negligent defendant and a Defendant liable under a products liability claim, the case must be controlled by Article 2212, Vernon's Ann.Civ.Stat., and the landmark Texas Supreme Court case, *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex.1964). The Court then ruled that in the situation presented to them, where there were two true joint tort-feasors, one of whom had settled that the non-settling tort-feasor was entitled to reduce the damages awarded to the Plaintiff by the jury by 50%, and the non-settling tort-feasor was liable for this amount only.

As stated earlier, the *Simmons* case is not squarely on point, because it involved two sets of tort-feasors who had been found liable either by a jury or as a matter of law. In the instant suit, we have one tort-feasor who was found liable by a jury, and one who is alleged to be a tort-feasor, but the only jury finding in connection with it was that it was not the sole cause of the accident.[3] The Court must examine the Texas cases in point to determine the effect to be given to the settlement of the Plaintiffs with Harold Lee Engineering Co.

In *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex.1964), the Texas Supreme Court ruled that if it is determined by a jury that two tort-feasors caused or contributed to an occurrence, and one of those has reached a settlement agreement with the Plaintiff, the non-settling tort-feasor is entitled to reduce the damages found by the jury to have been sustained to the Plaintiff by fifty percent (50%). The rea-

soning behind this ruling is that it would give settlements finality, and avoid circuity of action. If the non-settling tort-feasor were required to pay the full amount of the damages found by the jury to have been sustained by the Plaintiff, he would then have a right of action for contribution for one-half of the damages against the settling tort-feasor, based on Article 2212. The settling tort-feasor would then normally have a cause of action against the Plaintiff to recover the amount it paid in settlement, based on the terms of the usual settlement agreement. In his scholarly opinion, Justice Greeenhill reasoned that this multiplicity of suits would be avoided by ruling that the non-settling Defendant would be liable for only one-half of the damages awarded to the Plaintiff. This was so because the non-settling Defendant would only be paying his proportionate share of the judgment, and he would thus have no right of contribution against the settling tort-feasor. The decision in *Palestine Contractors* was based on a decision of the Commission of Appeals, *Gattegno v. The Parisian*, 53 S.W.2d 1005 (Tex.Civ.App. 1932).

As pointed out in later cases, the fifty percent reduction rule was applicable to cases where both joint tort-feasors were found by a jury to have been tort-feasors, or they were tort-feasors, as a matter of law. *E. g., Petco Corporation v. Plummer*, 392 S.W.2d 163 (Tex.Civ.App.—Dallas 1965 writ ref'd n. r. e.). *Leong v. Wright*, 478 S.W.2d 839 (Tex.Civ.App.—Houston [14th Dist.] 1972 writ ref'd n. r. e.). A different rule was applicable in situations where only one tort-feasor had been found liable by a jury, and another possible tort-feasor, who had settled with the Plaintiff, was only *potentially* liable because he had not been found to be a tort-feasor by the jury. In such a situation, the non-settling tort-feasor

because of the negligence of its employee, Defendant Johnston.

**3.** The jury was instructed by the Court that if they found that the accident was caused solely by the defectiveness of the product produced by Harold Lee Engineering Company, then it

could not find that the accident was caused by the negligence of SWEPCO. Since it found that the accident was caused at least in part by SWEPCO's negligence, it implicitly found that Harold Lee Engineering Company was not the sole cause.

was entitled to credit against the amount of damages sustained by the Plaintiff the amount of the settlement entered into between the Plaintiff and the Defendant. *E. I. du Pont de Nemours and Company v. McCain*, 414 F.2d 369 (5th Cir. 1969); *Petco Corporation v. Plummer, supra.*

The question still to be considered by the Court is whether the credit of the amount of the settlement is to be applied to the amount of damages found by the jury to have been sustained by each Plaintiff, which amount is $534,117.97 for Jack R. Tharpe, Jr., and $531,132.73 for Larry Lynn,[4] or is the credit to be applied to the amount which the defendant is legally obligated to pay; i. e., the amount of damages found to have been sustained by the Plaintiffs less the percentage of negligence found to be attributable to each Plaintiff.

The Court has found no Texas cases squarely on point. The Texas Supreme Court anticipated this type of problem in *General Motors Corp. v. Simmons, supra,* wherein it noted that the present state of statutory law provided no means for comparing causative fault of a strictly liable manufacturer with the conduct of a negligent codefendant, and that, combined with the comparative causation outlined in *General Motors Corp. v. Hopkins*, 548 S.W.2d 344 (Tex.1977), foreshadowed problems to come in this area, 558 S.W.2d at 862–863. The Court then invited the Texas legislature itself to study the problem and address itself to these issues.

The legislature has not spoken, and the Court must attempt to discern what a Texas Court would do in this situation.

In all of the reported cases found by the Court, the amount of the settlement is applied to the *total damages* that the jury has determined that the Plaintiff has sustained. *E. g., E. I. du Pont de Nemours and Company v. McCain*, 414 F.2d 369 (5th Cir. 1969); *Riley v. Industrial Finance Service Co.*, 157

Tex. 306, 302 S.W.2d 652 (1957); *Leong v. Wright*, 478 S.W.2d 839 (Tex.Civ.App.—Houston [14th Dist.] 1972 writ ref'd n. r. e.); *Petco Corporation v. Plummer*, 392 S.W.2d 163 (Tex.Civ.App.—Dallas 1974 writ, ref'd n. r. e.); *Hill v. Budget Finance & Thrift Company*, 383 S.W.2d 79 (Tex.Civ.App.—Dallas 1964 no writ history); *Skyline Cab Co. v. Bradley*, 325 S.W.2d 176 (Tex.Civ.App.—Houston 1959 writ ref'd n. r. e.); *McMullen v. Coleman*, 135 S.W.2d 776 (Tex.Civ.App.—Waco 1940 no writ history). The reason that a non-settling Defendant is entitled to credit any amount received by a Plaintiff in settlement against the Plaintiffs damages is because a Plaintiff is entitled to recover only once for his injuries. *Skyline Cab Co. v. Bradley, supra; McMullen v. Coleman, supra.* The Texas Supreme Court stated in *Riley v. Industrial Finance Service Co., supra,* that, "There being but one injury for which plaintiffs can receive but one satisfaction, defendants are entitled to have credited . . . all sums paid by others . . . for the damages resulting from the common acts of all tort-feasors." 302 S.W.2d at 657.

If the amount of the Plaintiffs' settlement, $414,266.33, were to be credited against the amount actually owed by Defendant SWEPCO, to-wit: $543,277.85 to both Plaintiffs combined, the result would be to punish, in effect, the Plaintiffs for having made their settlement with Harold Lee Engineering Co. This is not the policy of the law of the state of Texas. It is elementary that the law always encourages settlements of disputes.

As stated by the Texas Supreme Court in *Palestine Contractors v. Perkins, supra,* in factual situations such as this, "it soon becomes clear that no perfect solutions present themselves, and it becomes a question of trying to select the best of several partially satisfactory remedies." 386 S.W.2d at 772. The court can see no reason

---

4. The parties have stipulated that Plaintiff, Larry Lynn, has sustained $31,132.73 in past medical expenses, that Plaintiff, Jack R. Tharpe sustained past medical expenses in the amount of $34,117.97, and that these amounts were reasonable and necessary. The jury was instructed not to consider past medical expenses, and those amounts were added to the jury verdict by the Court.

to credit the $414,266.33 received by the Plaintiffs in settlement of their claim against Harold Lee Engineering Company against the amount of their damages reduced by the percentage of negligence attributable to the Plaintiffs. This would further no policy of Texas law that the Court has discovered. The jury has found that the Plaintiffs were damaged to the extent of $500,000.00 each in addition to the medical expenses. This amount must properly be reduced by forty-nine percent under the Texas Comparative Negligence Statute. There is no reason to reduce it further.

Under the jury findings, Plaintiff, Larry Lynn, is entitled to recover $270,877.69, and Plaintiff, Jack Tharpe, $272,400.16. These amounts, when added to the $207,133.16 that each Plaintiff received in settlement, come to less than the total damages the jury found that each Plaintiff sustained. They are not recovering twice for their damages caused by this incident.

The effect of this holding is to afford the Defendant the benefit of the greater reduction from the damages sustained by the Plaintiff by a credit of the amount of the previous settlement or the percentage reduction under the Comparative Negligence Statute. While it is clear that the Plaintiffs are not entitled to a double recovery, it also follows that the Defendant should not be entitled to a double reduction. The Court can see no prejudice that the Defendant is sustaining as a result of this holding. Under the circumstances of this case, the greater reduction happened to be that provided by the Comparative Negligence Statute rather than from the benefit of the credit afforded by the previous settlement. The jury has found that the Plaintiffs were damaged to the extent of $500,000.00 each in addition to the stipulated medical expenses. It further found that Defendant, SWEPCO, caused fifty-one percent of this damage, and this is the amount the Defendant is required to pay under the Court's holding.

Defendant's Motion to Amend the Judgment therefore is accordingly denied, and the Final Judgment entered May 18, 1978, is affirmed.