CLEMTEX, LTD., et al., Appellants,

v.

Edmund N. DUBE, Appellee.

No. 8192.

Court of Civil Appeals of Texas, Beaumont.

January 18, 1979.

Rehearing Denied Feb. 15, 1979.

John A. Berke, Jr., Gerald H. Buttrill, Houston, for appellant.

Tom Letbetter and George Payne, Russell McMains, John W. Berkel, P. Andrew McStay, Houston, for appellee.

DIES, Chief Justice.

Plaintiff below, Edmund N. Dube, sued Richard Lewis, Joseph Lanclos, James D. Scott, and Clemtex, Ltd. for damages occasioned by an automobile accident in which he received personal injuries and his wife was killed.

Dube settled with Lewis and Lanclos for $160,000, agreeing to pay them fifty percent of any damages recovered from Scott and Clemtex, up to $160,000. This agreement was made known to the jury. Clemtex and Scott kept Lewis and Lanclos in the lawsuit as parties defendant.

The jury found Clemtex and Scott sixty percent negligent, plaintiff Dube forty per-

cent negligent, and no negligence of Lanclos and Lewis. Upon such findings Clemtex and Scott, being jointly and severally liable, were ordered to compensate Dube for the sum of $121,395.92, which represents sixty percent of the damages found by the jury. From this judgment Clemtex and Scott bring this appeal on the single proposition that plaintiff, having been compensated by Lanclos and Lewis for his damages, in an amount in excess of that found by the jury, would thus be receiving greater damages than the jury found he sustained, or a "double recovery." Appellants cite us *Bradshaw v. Baylor University,* 126 Tex. 99, 84 S.W.2d 703 (Comm'n App.1935, opinion adopted).

Since this decision our legislature has enacted *Tex.Rev.Civ.Stat.Ann. art. 2212a* (Vernon Supp.1978) (effective September 1, 1973). *Section 2(e)* of that statute provides:

> "If an alleged joint tort-feasor makes a settlement with a claimant but nevertheless is joined as a party defendant at the time of the submission of the case to the jury (so that the existence and amount of his negligence are submitted to the jury) and his percentage of negligence is found by the jury, the settlement is a complete release of the portion of the judgment attributable to the percentage of negligence found on the part of that joint tort-feasor."

No doubt when Clemtex and Scott decided to keep Lewis and Lanclos in the lawsuit, it was their judgment a jury would find them negligent. Had Clemtex and Scott dismissed or nonsuited them, they (Clemtex/Scott) would have been "entitled to deduct from the amount for which he is liable to the claimant a percentage of the amount of the settlement based on the relationship the defendant's own negligence bears to the total negligence of all defendants" under *Section 2(d)* of the Act. Obviously, the legislature did not intend for a defendant to "have his cake and eat it too." See also, Sales, "Limitations on Recovery in Personal Injury Cases," 18 S.Tex.L.J., 217 at 269 (1977). Fisher, Nugent, Lewis, "Comparative Negligence: An Exercise in Applied Justice," 5 St. Mary's L.J. 655, 665 (1974).

The appellants' point of error is overruled, and the judgment of the trial court is affirmed.

AFFIRMED.