Willie RHYNES, Plaintiff–Appellant,

v.

BRANICK MANUFACTURING CORPORATION, an Applied Power Industry, Defendant,

Akron Weldcraft, Defendant–Appellee.

No. 80–1410

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Oct. 27, 1980.

Eberstein, Morris, Smith & Kinder, P.C., Paul L. Smith, Dallas, Tex., for plaintiff–appellant.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, Robert H. Frost, Gerald R. Powell, Dallas, Tex., for Akron Weldcraft.

Before GEE, RUBIN and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Appellant Rhynes' Texas diversity action claims damages for personal injury suffered when a tire exploded inside a safety cage. That the assertedly defective cage was manufactured by a business predecessor of defendant, rather than by defendant, is not disputed on this appeal from the summary judgment that Rhynes suffered below.[1] Mr. Rhynes' appeal proceeds instead on a theory of product liability known as the "product line" rule, which he urges we should adopt in this case.

---

1. Nor is there any question here of continuity of ownership between the two entities. The first was a sole proprietorship, the second a corporation in which the former proprietor had no ownership interest.

The product line rule, as it is represented to us, may be epitomized as declaring that one who acquires a manufacturing business and continues to manufacture a line of its products assumes by force of law strict liability for defects in units of that line manufactured by his predecessor. The meager authority cited by appellant for this rule—a case each from the states of California, Michigan, and New Hampshire—indicates that the rule finds its origins in theories of estoppel and of vicarious liability rather than in those of implied warranty, institutional fault, and the consequent market responsibility of a reputable seller that underlie section 402A of the Restatement of Torts. Indeed, that section commences with the phrase: "One who sells . . ." The Texas form of strict or product liability rests squarely on section 402A. *See, e.g., Pittsburg Coca–Cola Bottling Works v. Ponder,* 443 S.W.2d 546, 548 (Tex.1969) ("we committed the court to the rule of strict liability expressed in Section 402A").

The sole Texas authority cited to us by appellant as indicating that Texas would adopt the product line rule is a passage from Justice Campbell's special concurrence in *Turner v. General Motors Corp.,* 584 S.W.2d 844 (Tex.1979). For several reasons, this is not persuasive. In the first place, *Turner* did not concern or involve in any way the vicarious liability of a business successor. In the second, Justice Campbell's remarks do not address that situation, being merely an exhortation to extend strict liability against the *manufacturer* of a faulty product to the maximum. Finally, the views expressed are, and are there characterized in text by Justice Campbell himself as, dissenting ones. *Id.* at 853.

In matters of Texas substantive law, our relationship to the Texas Supreme Court is all but identical to that of a Texas intermediate appellate court. Indeed, if it differs at all, as regards substantive innovation it is weaker instead of stronger than that of such a court. Even in the rare case where a course of Texas decisions permits us to extrapolate or predict with assurance where that law would be had it been declared, we should perhaps—being out of the main-stream of Texas jurisprudential development—be more chary of doing so than should an inferior state tribunal.

We have no assurance whatever that Texas would adopt the product line rule of liability. That rule represents at least a radical extension of Texas product liability theory, at most a shift to a new and additional basis for liability. Neither action is appropriate for us. Whatever the merits or demerits of the proposed new rule, for us to adopt it for Texas would be presumptuous. We decline to do so.

AFFIRMED.