Jason N. PAYNE

v.

GOULD, INC. et al.

Civ. A. No. B–78–565–CA.

United States District Court,
E. D. Texas,
Beaumont Division.

Dec. 5, 1980.

William E. Townsley, Townsley & Griffin, Beaumont, Tex., for Jason Payne.

Kyle Wheelus, Jr., Weller, Wheelus & Green, Beaumont, Tex., for Electric Hose & Rubber Co.

David J. Kreager, Orgain, Bell & Tucker, Beaumont, Tex., for Gould, Inc.

Dale Dowell, Rienstra, Rienstra & Dowell, Beaumont, Tex., for Dayco Corp.

John D. Rienstra, Jr., Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for Chamberlain Rubber Co.

Steven C. Barkley, Evans & Moses, Beaumont, Tex., for C. H. Heist Corp.

James C. Chesnutt, II, Orgain, Bell & Tucker, Beaumont, Tex., for United States Fidelity & Guaranty Co., intervenor.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

Cross motions for Judgment in this products liability case were filed after a jury verdict of $186,000 for the plaintiff. The motions involve the complex and unsettled law of contribution among multiple tortfeasors in Texas.

Jason Payne sued Gould, Inc., C. H. Heist Corp., Chamberlain Rubber Co., Dayco Corp., and Electric Hose and Rubber Company for injuries he received while operating a high pressure hose in the scope of his

employment. Plaintiff sued various manufacturers and distributors of the hose and its component parts on theories of negligence and strict liability. The various defendants asserted cross-actions against each other for contribution or indemnity.

Shortly before the trial of the case, Gould, Dayco, Chamberlain Rubber, and C. H. Heist settled with Payne for an aggregate of $55,000. Electric Hose and Rubber Company remained as the only defendant, and asserted third party claims for contribution against the four settling defendants. The evidence at trial related almost exclusively to the strict liability claim, and there was little evidence, if any, as to the liability of the settling defendants. The Court charged the jury on strict liability, but did not charge as to the liability of the settlers because of the lack of evidence. The jury returned a verdict of $186,000 against the Electric Hose and Rubber Company.

The plaintiff moves for Judgment of $186,000, the full amount of the verdict, not reduced by the amounts paid to him in settlement, relying on *Clemtex v. Dube*, 578 S.W.2d 813 (Tex.Civ.App.–Beaumont 1979, writ ref'd n. r. e.). Electric Hose and Rubber Company moves for judgment of $131,000, the amount of the verdict less a credit in the amount of the settlement. In the alternative, defendant moves for judgment of $37,200, which is the verdict reduced pro–rata according to the total number of defendants (*i. e.*, reduced by four fifths (⅘)). The defendant relies on Tex.Rev.Civ. Stat.Ann. art. 2212 (Vernon 1971 & Supp. 1980), *Palestine Contractors v. Perkins*, 386 S.W.2d 764 (Tex.1964), and *General Motors Corporation v. Simmons*, 558 S.W.2d 855 (Tex.1975).

I

THE APPLICABLE LAW

Jurisdiction in the case is based solely on diversity of citizenship, so the substantive law to be applied is that of Texas. *Erie R. R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Since the case involves a strictly liable defendant, art.

2212 of Tex.Rev.Civ.Stat.Ann. applies, rather than art. 2212a. *General Motors Corp. v. Simmons*, 558 S.W.2d 855 (Tex.1977), See Fisher, Contribution and Indemnity Among Joint Tortfeasors, 13 Tex.Trial L.F. 3, 13 (Jan.–Mar.1979); Comment, 10 St.Mary's L.J. 75, 85 (1978). *General Motors Corp. v. Simmons, supra*, holds that art. 2212a applies only where there are two or more *negligent* tortfeasors. *Id.*, 558 S.W.2d at 862–63. Here, the settling defendants were found to be free from liability by virtue of the Court's ruling that, as a matter of law, there was insufficient evidence to charge the jury on the contribution claims. Hence, there can be only one tortfeasor here, Electric Hose and Rubber Company, whose liability was based on strict liability. Thus, the applicable law is to be found in art. 2212 and the cases decided thereunder.

II

PRO–RATA DEDUCTION

The cases under art. 2212 allow a non–settling defendant to deduct from the verdict a pro–rata portion based on the number of co–tortfeasors. *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex.1964). Thus, if there were five co–tortfeasors and four settled, the defendant could deduct four fifths (⅘) of the damage award. This pro–rata deduction is dependent, however, on a finding that the other joint tortfeasors were liable to the plaintiff. *See Gill v. United States*, 429 F.2d 1072, 1078–79 (5th Cir. 1970) (Texas law); *Leong v. Wright*, 478 S.W.2d 839, 844–45 (Tex.Civ. App.–Houston (14th Dist.) 1972, writ ref'd n. r. e.); *Petco Corp. v. Plummer*, 392 S.W.2d 163, 167 (Tex.Civ.App.–Dallas 1965, writ ref'd n. r. e.); *Lubbock Manufacturing Co. v. Perez*, 591 S.W.2d 907, 923–24 (Tex. Civ.App.–Waco 1979, no writ); *McMullen v. Coleman*, 135 S.W.2d 776, 778 (Tex.Civ. App.–Waco 1940, no writ); Fisher, *supra*, at 14. *See also Lynn v. Southwestern Electric Power Co.*, 453 F.Supp. 599, 602–03 (E.D. Tex.1978) (dictum) (Texas law). This Court has found the settling defendants not liable to the plaintiff in strict liability or negligence by virtue of its treatment of the

contribution claims. Thus, it is clear that the rule of *Palestine Contractors* does not apply and Electric Hose and Rubber Co. should not be given a four fifths (⅘) reduction.

## III

## CREDIT

█ The more difficult issue is whether to credit Electric Hose and Rubber Company with the $55,000 received by Payne in settlement of his claims from the other four defendants. There is much support for the defendant's contention that where a plaintiff settles with some, but not all, of the alleged multiple tortfeasors, and it is determined that the settlers were not liable to the plaintiff in the first instance, the non-settling tortfeasor is entitled to credit the amount paid in settlement against the damage award. *See Gill v. United States*, 429 F.2d 1072, 1078–79 (5th Cir. 1970); *Leong v. Wright*, 478 S.W.2d 839, 844 (Tex.Civ.App.–Houston (14th Dist.) 1972, writ ref'd n. r. e.); *Petco Corp. v. Plummer*, 392 S.W.2d 163, 157, 167 (Tex.Civ.App.–Dallas 1965, writ ref'd n. r. e.); *Columbian Engineering International, Ltd. v. Dorman*, 602 S.W.2d 72 (Tex.Civ.App.–Beaumont 1980, writ ref'd n. r. e.); *Lubbock Manufacturing Company v. Perez*, 591 S.W.2d 907, 923–24 (Tex. Civ.App.–Waco 1979, no writ); *Schering Corp. v. Giesecke*, 589 S.W.2d 516, 519 (Tex. Civ.App.–Eastland 1979, no writ); *Richards v. Aspromonte*, 577 S.W.2d 543, 552 (Tex.Civ. App.–Houston (1st Dist.) 1977, no writ); *McMullen v. Coleman*, 135 S.W.2d 776, 778 (Tex.Civ.App.–Waco 1940, no writ); Fisher, *supra*, at 14; Dorsaneo & Robertson, Comparative Negligence in Texas, 10 Tex.Tech. L.R. 933, 946–48 & nn.67–68, 73 (1979); Fisher, Compromise Settlements and Their Effects at R–16 (Jan.1979) (unpublished manuscript); Comment, 10 St.Mary's L.J.

75, 81–84 (1978). *See also Lynn v. Southwestern Electric Power Co.*, 453 F.Supp. 599, 602–03 (E.D.Tex.1978) (Texas law) (dictum). *But see Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 655 (Tex.1977). The rationale for applying the credit is that "a Plaintiff is entitled to recover only once for his injuries." *Lynn v. Southwestern Electric Power Co.*, 453 F.Supp. at 603; *T. L. James & Co. v. Statham*, 558 S.W.2d 865, 868 (Tex.1977); *McMillen v. Klingensmith*, 467 S.W.2d 193, 196–97 (Tex.1971); *Bradshaw v. Baylor University*, 421 S.W.2d 923 (Tex.1935).

*Clemtex v. Dube*, 578 S.W.2d 813 (Tex. Civ.App.–Beaumont 1979, writ ref'd n. r. e.), cited by the plaintiff, is not to the contrary. *Clemtex* was a negligence action and thus article 2212a rather than article 2212 governed. Article 2212a specifically gives the non–settling defendant the option of either dismissing the contribution claims against the settlers and taking a credit, art. 2212a(2)(d), or pressing his claims for contribution and receiving a deduction in proportion to the settler's negligence. Art. 2212a(2)(e). *See Deal v. Madison*, 576 S.W.2d 409 (Tex.Civ.App.–Dallas 1978, writ ref'd n. r. e.). Thus under 2212a (two or more negligent tortfeasors), where the non-settler keeps the settlers in the case and they are found to be not negligent, the non–settler deducts zero (0) percent, *i. e.*, there is no credit. In that respect, art. 2212a(2)(e), where applicable, abrogates, the Texas single recovery rule.[1] In the present case, if Payne were suing on negligence, rather than strict liability, art. 2212a(2)(e) would require the Court *not* to give the credit, the defendant having made his choice prior to the submission of his case to the jury, to keep the settlers in the suit. This suit, however, is governed by art. 2212 and *General Motors Corp. v. Simmons, supra.*

---

1. Fisher, *supra*, states:

In the opinion of this writer, who participated in the drafting and passage of the comparative negligence statute, the effect of keeping a settling defendant in the lawsuit overrules the authority of *Bradshaw v. Baylor Univ.* [421 S.W.2d 923] (Tex.1935) (single recovery rule)] and its progeny. . . .

Now where the negligent settling defendant is retained in the suit and his percentage of negligence [zero, in *Clemtex*] is found to be a figure less than the ratio his settlement bears to the total damages found, the plaintiff in effect receives more than the amount of the actual damages.

*Id.* at 11–12.

Yet there are cases that do not follow these rules.[2] In *Lynn v. Southwestern Electric Power Company*, 453 F.Supp. 599 (E.D.Tex.1978), this Court did not permit a credit of amounts awarded to plaintiffs in a prior suit against co–tortfeasors. This Court admitted that the non–settling tortfeasor is entitled to a credit "where only one tortfeasor has been found liable by a jury," *id.* at 602, but ruled against the credit because "the result would be to punish, in effect, the Plaintiffs for having made this settlement .... This is not the policy of the law of the state of Texas. It is elementary that the law always encourages settlements of disputes." *Id.* at 603.

Similarly, in *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir. 1979), a Jones Act case (and hence only persuasive authority in a diversity case), the Fifth Circuit held that the judgment against the non–settling defendant is to be credited with the dollar amount represented by the settling parties proportion of negligence. Further, the court held the tortfeasor seeking the reduction must prove the settler was at fault, and if the settler was not at fault, no credit would be permitted.

### IV

### CONCLUSION

Under *Erie*, this Court must predict what the Texas Supreme Court would hold in a similar situation. *Miller v. Bock Laundry Machine Co., supra*, can be said to be that court's latest ruling on the question of credit for a non–negligent party's settlement in a strict liability case. Undue reliance on *Miller*, however, may be misplaced to the extent that that case overrules or conflicts with, without mention or discussion, a substantial body of case law to the contrary.

This Court is aware of the Texas courts' recent expressions of dissatisfaction with the disparity of result between strict liability and negligence actions. Justice Pope wrote in his concurring opinion in *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743 (Tex.1980), that:

> Sooner or later, and the sooner the better, we must bring products liability cases within a manageable format. Simplicity, order and consistency can be advanced in those cases, in my opinion, by:
>
> 1. The elimination of the misuse and voluntary assumption of the risk issues and by substituting in their place the more familiar issue about contributory negligence on the part of the plaintiff.
>
> 2. The submission of a products liability case to determine the percentage that the defective product caused the event and the percentage that the substandard conduct on the plaintiff caused it.

*Id. See* Keeton, Torts, Annual Survey of Texas Law, 32 S.W.L.J. 1, 13 (1978). *Cf. B & B Auto Supply v. Central Freight Lines*, 603 S.W.2d 814 (Tex.1980) (abolishing the doctrine of indemnity in negligence cases, except where there is contractual or vicarious liability, holding that the art. 2212a scheme is sufficient); *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 655 (Tex. 1977) (discussed at n.2, *supra* ). These cases indicate the Texas courts' dissatisfaction with the rule of *Simmons*, and this Court finds some merit in the plaintiff's argument that the Texas courts are striving toward uniformity of result in cases involving only negligent tortfeasors and those involving strictly liable or mixed tortfeasors. The plaintiff urges that the Texas courts will adopt the more recent expression of legislative policy embodied in art. 2212a to govern the instant situation, in which case the result here would be identical to that in *Clemtex v. Dube, supra, i. e.*, no credit.

The *Dorman* case, however, provides a contrary indication, ruling as it does (over

---

2. Despite the substantial case law allowing a credit to the non–settling defendant, the Texas Supreme Court apparently did not apply the credit in *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 655 (Tex.1977). There, the settling defendant was determined not to have been a cause of the plaintiff's injuries. The Supreme Court, without discussing the issue, merely held that "George Miller, Sr., . . . shall recover of and from Bock Laundry Machine Company the sum of $250,000. for injuries to George, Jr." The other defendants settled for $45,000. and damages were assessed at $250,-000. *Id.* at 649, 653.

**1064**

the strong objection of Chief Justice Dies) that the credit must be given. The case of *T. L. James & Co., Inc. v. Statham* reaffirms the vitality of the single recovery rule. The great weight of judicial opinion and scholarly comment indicate that the credit should be given. Rather than anticipating such a radical change in Texas law, the Court will continue to follow existing precedents while awaiting the Texas Supreme Court's next pronouncement on the subject. *See Rhynes v. Branick Manufacturing Corp.*, 629 F.2d 409, 410 (5th Cir. 1980). It is, therefore,

ORDERED, ADJUDGED and DECREED that judgment be entered in this case for $131,000.00 for the plaintiff, Jason Payne.