**CYPRESS CREEK UTILITY SERVICES COMPANY, INC., Appellant,**

v.

**Mike MULLER, et al., Appellees.**

**No. B2739.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 27, 1981.

Michael G. Terry, Vinson & Elkins, Houston, for appellant.

Don R. Riddle, Don R. Riddle & Associates, Timothy E. McKenna, Larry Bass, Robert G. Taylor, II, Boswell, O'Toole, Davis & Pickering, David E. Leuders, George M. Bishop, Sullivan, Bailey, King, Bishop, Houston, for appellee.

Before JUNELL, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

This appeal arises from a judgment for appellees, Mattie Rowden (Rowden) individually and as next friend of William R. Rowden, II (William) a minor, Mike Muller, and John Sayen, granting recovery against Cypress Creek Utility Service Company, Inc., (Cypress) and John Wesley Carroll and Cecil R. Carroll, Jr. (Carroll), for personal injuries and property damage sustained in an automobile collision which occurred in November, 1976. For clarity all parties will be referred to by name, generally, and as designated in the trial court. We must address the questions: did the trial court err in its application of Article 2212a Tex.Rev.Civ. Stat.Ann. (Vernon Supp. 1978); and were the appointment and the fees granted an attorney/guardian ad litem erroneous. We affirm.

Rowden, individually and as next friend for her son William, filed their original petition against Carroll and Cypress on September 21, 1977, alleging failure to keep a proper lookout, speeding, failure to brake and drive on the right, failure to avoid the collision and negligent entrustment by Carroll, and complaining of Cypress' negligence and negligence per se in leaving construction materials on the highway, causing an obstruction without proper warning and violating Tex.Penal Code Ann. § 42.03 (Vernon 1974). Muller and Sayen filed their original petition on May 6, 1977, against Carroll, Cypress and Rowden charging all three with negligence. The Rowden and Muller lawsuits were subsequently consolidated. Cypress and Carroll filed answers on June 1, 1977 and September 25, 1978, respectively. Carroll filed two cross-actions, the first against Cypress claiming damages for personal injuries, pain and suffering, property damage and lost wages, past and future, and the second against Rowden which denied liability, but sought contribution or indemnity should Carroll be found liable. Cypress also filed a cross-action against Rowden similarly denying liability but seeking contribution or indemnity from her should liability be found and, in addition, claiming Rowden's driving failed to meet the reasonable prudent standard and violated Article 6701d § 127 of the Revised Civil Statutes. Cypress filed no cross-action against Carroll for contribution or indemnity. State Farm Mutual Automobile Insurance Company, as property insurer for Rowden and subrogated to her property damage claim, filed a plea of intervention seeking reimbursement of money paid for damage to Rowden's automobile. Prior to trial Rowden, William and Carroll came to a settlement arrangement wherein Carroll agreed to pay $25,000.00. This sum was apportioned by the trial court at $20,000.00 to Rowden and $5,000.00 to William. Sayen settled his claims against Carroll for $7,500.00 while the jury deliberated. The jury found Cypress 80% and Carroll 20% liable, awarding Rowden $5,000.00 for injuries, $1,556.97 for medical expenses, and $3,000.00 for property damage; William $3,000.00 for injuries and $2500.00 for medical expenses; Muller, $730,000; Sayen $1,500.00; and Carroll $500.00. Prior to

submission of the case to the jury, Cypress purported to make an election to deduct the amount of the settlement between Rowden and Carroll as a credit from the amount for which it was found liable to Rowden and to take a percentage reduction as to William's recovery. The court ordered Cypress was entitled to a reduction of 20%, the percentage of negligence attributable to Carroll, for amounts payable to Muller and State Farm, and that Carroll was entitled to 80% contribution from Cypress for all amounts payable to Muller and State Farm. Neither Cypress, Muller, Sayen nor Carroll recovered against Rowden. As a result of the jury findings described above Cypress was ordered to pay Sayen $1200.00, $2400.00 to the district clerk for the use of William, and $7,245.57 to Rowden all at nine percent interest until paid. The court further ordered that intervenor State Farm recover $3,000.00 from Cypress and Carroll, jointly and severally. The court assessed court costs against Cypress subject to a 20% contribution from Carroll and against Carroll subject to a 80% contribution from Cypress. The entire attorney/guardian ad litem fee set at $10,900.00 was assessed against Cypress. Cypress filed motions for a new trial and judgment non obstante veredicto (NOV). In addition, Cypress filed a memorandum requesting the court's direction as to whether Rowden was entitled to recover 80% of the damages awarded by the jury in addition to the monies received through the settlement with Carroll, or if Cypress could deduct the settlement amount from the jury award as provided in Tex.Rev.Civ.Stat. Ann. art. 2212a § 2(d) (Vernon Supp. 1980). The court overruled the motion for judgment NOV, but there is no order in the transcript as to Cypress' motion for new trial. Cypress properly perfected its appeal and brings three points of error.

In its first point of error, Cypress complains the trial court erred in overruling its motion for judgment NOV as to the damages awarded to Rowden and through her to State Farm. Cypress maintains these

parties should take nothing against Cypress because the amount of the Rowden settlement exceeded the damages found by the jury which result should follow Cypress' electing to deduct the settlement amount pursuant to Article 2212a § 2(d). Tex.Rev. Civ.Stat.Ann. (Vernon Supp. 1978).[1] Cypress further contends the judgment affords Rowden a *double recovery in violation* of the *Bradshaw* rule which states an injured party is entitled to only one recovery and a non-settling tortfeasor may deduct the amount of any settlement between a plaintiff and another jointly liable defendant from the amount for which the non-settling defendant is found liable. *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703, 705 (Tex.Comm'n.App.1935, opinion adopted). Finally, Cypress does not complain of William's award for which Cypress purportedly elected to take a proportionate reduction under section 2(e).

■ This court must address the application of Article 2212a to the unique fact situation presented by the case before us where a settling tortfeasor's negligence was necessarily submitted to the jury due to the presence of a fourth plaintiff, Muller, who had not made a settlement with any defendant. As a result, neither Cypress nor Rowden could exercise a choice between non-suiting or retaining Carroll in the case. After careful and exhaustive research, we find no authority which presents the unique fact situation confronting us, nor do we find any authority supporting Cypress' contention that it should be able to elect between 2(d) and 2(e) as to Rowden's recovery despite the submission of the settling tortfeasor's negligence to the jury. Although scholarly articles assume either a non-settling defendant or a settling plaintiff may tactically choose to non-suit or retain a settling defendant in a case, these articles do not address the particular situation in this case, nor does there appear to be justification for Cypress' position which insists that

---

1. Subsequent references to Article 2212a §§ 2(d) and 2(e) will be as "2(d)" or "2(e)" without repeating the entire citation.

a non-settling defendant has a choice between 2(d) and 2(e) as to one settling plaintiff regardless of the presence of other plaintiffs. *See, e.g.,* Fisher, *Contribution and Indemnity among Joint Tortfeasors,* 13 Tex.Trial Law F. 3, 13 (vol. 3 1979); Dorsaneo & Robertson, *Comparative Negligence in Texas,* 10 Tex.Tech.L.Rev. 933 (1979). The latter article suggests that 2(d) apply in all settlement/contribution situations while 2(e) would be triggered only in the case where a settlement is reached while the jury deliberates or after the verdict. 10 Tex.Tech.L.Rev. at 968–69. Although creative, we do not find this suggestion to be a reasonable interpretation of the plain language of Article 2212a, nor do we find that the legislature intended Sections 2(d) and 2(e) solely for the benefit of a non-settling defendant's tactical maneuvers. The legislature enacted Article 2212a to ameliorate the harsh results of the common law theory of contributory negligence. *Deal v. Madison,* 576 S.W.2d 409, 416 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.). The plain language of sections 2(d) and 2(e) indicates that their respective application depends upon whether a settling tortfeasor's negligence is submitted to the jury. Accordingly, because Carroll's negligence was submitted to the jury, the case before us must come under the purview of 2(e). We find, therefore, that the trial court correctly proportioned Rowden's recovery between Cypress and Carroll as directed by 2(e), and that Cypress was not entitled to a deduction of the amount of the settlement between Rowden and Carroll. Moreover, in so finding we do not condone a violation of the *Bradshaw* "one recovery" rule. Section 2(d) ostensibly embodies the *Bradshaw* rule while the application of 2(e) abrogates the *Bradshaw* rule. *Deal v. Madison, supra; Payne v. Gould,* 503 F.Supp. 1060, 1062, N 1 (E.D.Tex. [Beaumont Division] 1980).

■ Cypress complains of the trial court's overruling its motion for judgment NOV asserting Sayen take nothing because his settlement exceeded the amount of the jury award. Cypress argues 2(d) and 2(e) do not apply to Sayen's settlement which occurred after the jury began deliberations because both sections assume a settlement occurring prior to submission of the case to the jury, and, therefore, the general *Bradshaw* rule should control Sayen's recovery against Cypress. Article 2212a does not make a separate provision for the situation confronting us. It is clear, however, and Cypress does not contest, that Article 2212a applies to the case before us. Absent distinct directions governing settlements occurring after submission of the case to the jury, we can only assume the legislature intended 2(d) and 2(e) to control all settlements between a claimant and less than all tortfeasors in a case. We rely upon the statute's mechanism for triggering application of 2(d) or 2(e) as submission of the settling party's negligence to the jury in finding that 2(e) applies, and hold that the trial court correctly applied that section to Sayen's recovery.

■ Cypress' final point of error contends the fee awarded the attorney/guardian ad litem was excessive. Cypress made no objection to the fee nor did Cypress conduct any cross-examination of the ad litem to produce evidence tending to demonstrate over-compensation. Absent evidence illustrating a clear abuse of discretion, a reviewing court will not set aside the allowance. *Coastal States Gas Producing Co. v. Locker,* 436 S.W.2d 592, 596 (Tex.Civ. App.-Houston [14th Dist] 1968, no writ); *Lofton v. Norman,* 508 S.W.2d 915, 922 (Tex.Civ.App.-Corpus Christi 1974, writ ref'd n.r.e.); Tex.R.Civ.P. 131 & 141 (Vernon 1979). The taxing and apportionment of costs similarly lie within the discretion of the trial court. *Id.* We do not find the court's actions to be vulnerable to appellant's contentions, and overrule Cypress' third point of error.

For the above reasons, we affirm the judgment of the trial court.