Clarence GODFREY, Appellant,

v.

TRAVIS HARDY TRUCKING INC., Appellee.

No. B2902.

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1982.

Russell L. Cook, Jr., Houston, for appellant.

Vincent W. Rehmet, Barrow, Bland & Rehmet, Steven G. Tipps, Baker & Botts, Bill Brackeen, Brackeen, Pennington & Stallones, Bryan Domning, Ross, Griggs & Harrison, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

On October 8, 1975, Clarence Godfrey was working as a bulldozer operator for Baytex Construction Company raising a road bed. Dump trucks delivered and dumped dirt which Godfrey then leveled. A high power line owned by Houston Lighting & Power Company crossed the road bed where Godfrey was working. Kirksey Trucking Company furnished the dirt to Baytex Construction Company and Travis Hardy Trucking, Inc. furnished several trucks. An employee of Kirksey was on the scene to verify delivery of the dirt. On the occasion in question, an employee of Travis Hardy, drove a loaded dump truck on to the job site. Its raised truck bed contacted the high power lines owned by Houston Lighting & Power. An electric line broke and fell near the bulldozer being operated by Godfrey. Godfrey jumped or fell to the ground while attempting to escape from the wire which was sparking and whipping about. He sustained severe injuries to his left leg and knee joint. Godfrey brought suit against Travis Hardy, Houston Lighting & Power Company and Kirksey Trucking Company. The defendants' cross-acted against each other for contribution and/or indemnity. The worker's compensation carrier of Godfrey, Travelers Insurance Company, intervened.

After all parties rested, Godfrey and Houston Lighting & Power Company announced to the Court and the attorneys for the other defendants that they had reached a settlement whereby Houston Lighting & Power was to pay Godfrey $25,000. Houston Lighting & Power Company thereupon filed a motion for instructed verdict as to Godfrey and as to the cross-actions of Travis Hardy and Kirksey Trucking. The Court granted Houston Lighting & Power's motion for instructed verdict.

The case was then submitted to the jury which returned a verdict in favor of Godfrey for $75,283.90. The jury found that Travis Hardy's employee was negligent in failing to keep a proper look-out, in striking the high power line, and in operating the dump truck within six feet of the high voltage line at a time when danger against contact had not been effectively guarded. The jury found that this negligence was a proximate cause of the accident and that Godfrey had been damaged in the amount of $75,283.90. No negligence was found against Kirksey Trucking. The Court entered judgment for Godfrey (jointly with Travelers Insurance Company) against Travis Hardy for $50,283.90, thereby crediting Travis Hardy with the $25,000 paid by the settling defendant. Godfrey objected to this judgment and requested judgment for $75,283.90 against defendant Travis Hardy. The Court refused to modify the judgment. The sole issue on appeal is whether the $25,000 paid by the settling defendant, should have been credited against the judgment awarded.

The question for this court to determine is whether subsection 2(d) or 2(e) of article 2212a Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1982) applies in this situation. The issue turns on whether the trial court's instructed verdict is a factual determination of no negligence by Houston Lighting & Power Company. The appellant contends that it is entitled to the same weight and dignity as a jury's finding of no negligence and thus the trial court was compelled to apply 2(e) and

enter judgment against Travis Hardy for $75,293.90. We cannot agree. In this case the attorneys for the non-settling defendants, Travis Hardy and Kirksey, decided to abate their cross-claims against the settling defendant and did not seek jury findings against it. They did not oppose the motion for instructed verdict. This motion was simply the "vehicle" to dismiss the settling defendant. This court has recently held as follows:

> The plain language of sections 2(d) and 2(e) indicates that their respective application depends upon whether a settling tortfeasor's negligence is submitted to the jury.... [W]e do not condone a violation of the Bradshaw 'one recovery' rule. Section 2(d) ostensibly embodies the *Bradshaw* rule while the application of 2(e) abrogates the *Bradshaw* rule. *Deal v. Madison*, 576 S.W.2d 409, (Tex. Civ.App.—Dallas 1978, writ ref'd n.r.e.); *Payne v. Gould*, 503 F.Supp. 1060, 1062, N 1 (E.D.Tex. [Beaumont Division] 1980).... *We rely upon the statute's mechanism for triggering application of 2(d) or 2(e) as submission of the settling party's negligence to the jury* ... (emphasis added).

*Cypress Creek Utilities Services Company, Inc. v. Muller*, 624 S.W.2d 824, 826–827 (Tex.App.—Houston [14th Dist.] 1981, no writ).

Since no issues as to Houston Lighting and Power's negligence were submitted to the jury we hold that the trial court correctly applied section 2(d) to Godfrey's recovery and affirm the judgment below.