ST. LOUIS, I. M. & S. RY. CO., v. BASS. †

(Court of Civil Appeals of Texas. Dallas. Oct. 21, 1911. Rehearing Denied Nov. 11, 1911.)

1. RAILROADS (§ 33*) — FOREIGN CORPORATIONS—SERVICE OF PROCESS.

In an action against a foreign railway company, operating no road within the state, service of citation was properly made on a soliciting passenger agent maintaining an office within the state.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 33.*]

2. APPEARANCE (§ 24*)—WAIVER OF JURISDICTION.

After a motion to quash citation against defendant, a foreign railway corporation, for want of jurisdiction was overruled, there was a mistrial, and at a subsequent term the company appeared and contested recovery on the merits. *Held*, that the company submitted to the jurisdiction of the court, even if proper service was not had.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. § 24.*]

3. RAILROADS (§ 282*)—ACTION FOR INJURY—JURY QUESTION.

In an action by a brakeman employed by one railroad company against another company, for injury caused by a defective handhold on a car belonging to defendant while being operated by plaintiff's employer, *held*, under the evidence, proper to refuse to direct verdict for defendant on the theory that defendant owed no duty to plaintiff.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 282.*]

4. RAILROADS (§ 275*)—RAILROAD COMPANIES —LIABILITY TO EMPLOYÉS OF OTHER ROADS.

Defendant, being a member of a railway association which permitted members to use the cars of each other at a stipulated rate per diem, became liable for a defect in its car, causing injury to a brakeman on another road using such car, where it failed to use ordinary care to discover the defect, and to repair it.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 275.*]

5. RAILROADS (§ 275*)—RAILROAD COMPANIES —DEFECTIVE CARS.

A railway company was charged with notice of the defective condition of a freight car delivered to a foreign road, upon which a brakeman was injured through a defective handhold, where the handhold was fastened by lag screws, instead of bolts and nuts, and where the car had been used for about the average life of a car, and the wood had become rotten, and a proper inspection would have disclosed the defect.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 275.*]

6. RELEASE (§ 29*) — PERSONS RELEASED — JOINT TORT-FEASORS.

A railway brakeman's release of two railroad companies from liability for injury received by him through a defect in a car belonging to a third company, but used by the first two, did not release the third company from liability, where the agreement for settlement expressly reserved a cause of action against it.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. § 29.*]

7. RELEASE (§ 29*)—RELEASE OF ONE JOINT TORT-FEASOR—EFFECT.

Plaintiff having released two railroad companies from liability for personal injury due to joint negligence, recovery against a third company was properly limited to the damages sustained in excess of the amount paid under such settlement.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. § 29.*]

Appeal from District Court, Henderson County; B. H. Gardner, Judge.

Action by Thomas Joe Bass against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

T. B. McCormick, for appellant. Richardson, Watkins & Richardson, for appellee.

RAINEY, C. J. Appellee sued the appellant for personal injuries received by him while working as a brakeman in the employ of the Texas & New Orleans Railway Company, by reason of a handhold on appellant's car pulling out and causing him to fall; his foot going under the wheel, and injuring it so as to require amputation. Defendant pleaded in abatement want of jurisdiction, no service, exceptions to the petition, and the general issue. A trial resulted in a verdict and judgment for appellee, from which this appeal is prosecuted.

[1] The first assignment is: "The court erred in overruling the defendant's plea to the jurisdiction, based on the ground that no such service had been had in the case as would bring the defendant into court, because it appeared from the plaintiff's petition that the defendant was a foreign railway corporation, and it appeared by said petition and verified pleas to the jurisdiction that service was had only upon a traveling passenger agent, and that the defendant had no local agent within the state of Texas." Under this assignment, appellant's proposition, in effect, is that appellee, being injured while operating a car owned by a foreign railway company, while in the employ of a domestic railway company, service upon a soliciting or traveling passenger agent in another county will not confer jurisdiction on the court which tried the case. The defendant is a foreign corporation, being incorporated under the laws of Missouri. It operates no line of railroad in Texas, but has a soliciting passenger agent with an office in San Antonio, upon whom service of citation was had. The sheriff's return shows service on W. E. Fitch, "a local agent of the defendant." This is not denied in the motion to quash, but defendant says that

said agent is "simply a soliciting passenger agent * * * located at San Antonio, in Bexar county, Tex.," and that it maintains such an agent in Dallas, Tex. It further states that it has no local agent in Texas, but it does not allege that said agent had no authority to sell tickets or make contract for passage or transportation of freight over its line. We are of the opinion that proper service was had, and the court did not err in so holding.

[2] Again, if it should be held that proper service was not had, defendant is in no attitude to complain, as under the statute it voluntarily submitted itself to the jurisdiction of the court. It appeared and attacked the sufficiency of service. The court overruled the ground of attack, and there was a mistrial. At the subsequent term of court, appellant appeared and contested a recovery on the merits. This, under our law, was a submission to the jurisdiction of the court, and appellant will not now be heard to deny the jurisdiction of the court for want of jurisdiction of the court to try the cause. R. S. art. 1243; York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604.

[3] The fifth assignment of error complains of the refusal of the court to give special instruction No. 1, requested by defendant, "which was, in effect, a peremptory charge in its favor, because the pleading and evidence failed to show that the defendant owed any duty to the plaintiff." The plaintiff's petition, in substance, alleged that he was employed as a brakeman by the Texas & New Orleans Railway Company, and while engaged in the discharge of his duty as such he attempted to go upon a car belonging to defendant, then being operated by the Texas & New Orleans Railway Company; that he caught hold of a handhold attached to the side of said car to support himself, which pulled loose from the car, causing him to fall, his foot going under the wheel of the car, causing the injury; that the handhold was fastened to the car with lag screws, which was an improper construction of the car; that said car was old and out of repair, the wood holding the handhold being rotten; that the car "had been sent out from defendant's line under a traffic agreement with other lines, and particularly with the Texas & New Orleans Railway Company, that said car could be used by said companies for a certain hire and compensation, and that at the time of the accident the car was in the lawful possession of the Texas & New Orleans Railway Company; that said car had been sent out by this defendant under such agreement, with the full knowledge of said defects, and that said defects were liable to cause the injuries complained of;" that defendant was negligent, etc., and the damage sustained. The evidence shows that appellee was injured while attempting to board a car by catching hold of a handhold on the

side of the car; the handhold was fastened to the car with lag screws; the car was old, and the wood rotten. The car was being operated by the Texas & New Orleans Railway Company, but was owned by the appellant company. Appellee was a brakeman in the employment of the Texas & New Orleans Railway Company, and at the time of the injury was in the discharge of his duties as such, and knew nothing of the defective condition of the car. The car was owned by the appellant, and was loaded at St. Louis, Mo., with paper, and billed for Dallas, Tex. Appellant delivered it to the Texas & Pacific Railway Company at Texarkana, and that company delivered it to the Houston & Texas Central Railroad at Sherman, which road delivered it to the Texas & New Orleans Railway Company unloaded. That company was operating it at the time of the injury. The appellant and the Texas & New Orleans Railway Company are each members of the American Railway Association, the rules of which provide that the members thereof may use each other's cars by paying to the owner the sum of 25 cents per day while being so used or detained in their possession. The Texas & New Orleans had paid to the appellant the sum of $2.75 for 11 days' use of the car so held by it. Appellant did not know at the time that said car was being used by the Texas & New Orleans Railway Company. The life of a freight car is about 20 years, and this car had been used for 20 years or more. It was out of repair, which was known or should have been known to appellant, and appellant was negligent in sending it out in the condition it was in. The petition alleged a good cause of action, and the evidence fully sustained the allegations of the petition, and there was no error in refusing the peremptory charge requested.

[4] Appellant groups assignments 6 to 12, inclusive, and submits the proposition, in substance, that appellant could not be liable to appellee for the injuries resulting to him from a defect in such car, the car being operated by the Texas & New Orleans Railway Company, unless it knew of the defect and its liability to cause injury, or is peculiarly charged with its discovery, and has recklessly failed to use due precaution to discover the same and prevent its use, or, knowing of such defect and danger of its use by others, recklessly permits its use by another company without repairing the same, or warning those who may use it. By being a member of the American Railway Association, which permitted members to use the cars of each other for a stipulated per diem, appellant became liable for defects of its cars, causing injury to the employés of other roads using the same, where it failed to use ordinary care in discovering such defect, and failed to repair it.

[5] We think under the law the facts show

that appellant knew, or was charged with knowledge, that the car in this case was defective, and should have anticipated that injury would occur, and therefore it was negligent in permitting said car to be sent out for use. The car was constructed by the use of lag screws in fastening the handholds, instead of bolts and nuts being used for that purpose. The car had been in appellant's use for about the allotted life of a car, which the evidence shows to be about 20 years, and the wood had become rotten at the place where the lag screws were driven in. By a proper inspection, the defect in the car could have been discovered, but this inspection appellant did not make. The court left it to the jury to determine whether it was negligent to use lag screws, instead of ·bolts and nuts, to fasten the handholds to the car, which was proper in this case. Express Co. v. Leas, 50 Tex. Civ. App. 584, 110 .S. W. 129. The case cited announces principles that are applicable to and govern this case, and were approved by the Supreme Court; a writ of error having been denied.

[6] Appellant submits the following proposition under its fifteenth assignment of error, viz.: "Where a person is injured by the joint wrong of several persons, and the injured person makes a settlement, fully acquitting one of said wrongdoers responsible for his injury, it is satisfaction to all of them, though it may be expressly stipulated in the release that it shall not apply to any but the one making the payment." Appellee made an agreement with the Texas & New Orleans and the Houston & Texas Central Railway Companies, in consideration of $6,700, not to sue either of said companies, and releasing them from further liability by reason of said injury, but reserved the right to claim damages from all other railway companies, by providing in said agreement as follows: "It is further agreed that in releasing the Texas & New Orleans Railroad Company and the Houston & Texas Central Railroad Company from any and all damages for claims for causes of action against either of said last-named railroad companies by the plaintiff, T. J. Bass, it is specially understood and agreed and so intended that the plaintiff, Bass, does not release his cause of action against the St. Louis, Iron Mountain & Southern Railway Company, or any other railway company liable to plaintiff in law or equity by reason of said accident. This agreement is only intended to release the Texas & New Orleans Railroad Company and the Houston & Texas Central Railroad Company, and not to release the St. Louis, Iron Mountain & Southern Railway Company or any other railroad company that the plaintiff, T. J. Bass, may have a cause of action against by reason of the injuries thus received." It is settled that the pay-

ment of damages by one joint tort-feasor, without any reservation as to the other joint tort-feasor, settles the claim for damages and relieves both of further liability; but, where payment is made to one in settlement of the claim for damages against it only, and it is understood that the other tort-feasor is not to be released from liability, but the right is reserved to demand of that other damages, he is responsible for such damages as may exceed the amount paid. The agreement, by its terms, only released the Texas & New Orleans Railroad Company and the Houston & Texas Central Railroad Company from being sued for damages by appellee, and such agreement did not release the appellant from liability.

[7] The court by its charge limited a recovery to the amount of damages sustained by appellee, if any, in excess of the amount paid by the Texas & New Orleans Railroad Company. This was in accord with the authorities, in this state. Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258; also 98 Tex. 364, 83 S. W. 1098.

We find that none of the assignments present error, and the judgment is affirmed.