CYPRESS CREEK UTILITY SERVICE
COMPANY, INC., Petitioner,

v.

Mike MULLER et al., Respondents.

No. C–1025.

Supreme Court of Texas.

Oct. 6, 1982.

Vinson & Elkins, Michael G. Terry and B. Lee Ware, Houston, for petitioner.

Don R. Riddle, Bass, Webb, Fant, McKenna & Wheless, Timothy E. McKenna, Larry Bass, David E. Lueders and David C. Whitten, Sullivan, Bailey, King, Bishop & Sabom, George M. Bishop, Houston, for respondents.

SPEARS, Justice.

This is an action for damages suffered in an automobile collision involving two cars and a pile of dirt and debris left in the roadway. The suit was brought by plaintiffs Mike Muller, Mattie Rowden, and John Seyen against Cypress Creek Utility Service Company ("Cypress"), John Carroll, and Cecil Carroll. The question before this court is whether Cypress may elect to apply the "one satisfaction rule" enunciated in *Bradshaw v. Baylor University,* 126 Tex. 99, 84 S.W.2d 703 (1935), in a comparative negligence suit in which the jury apportioned a percentage of negligence to the settling tortfeasor. The trial court rendered judgment for plaintiffs, allowing no *Bradshaw* credit. The court of appeals held that the Comparative Negligence Statute, article 2212a [1] § 2(e) abrogates the *Bradshaw* rule and affirmed. 624 S.W.2d 824 (Tex.App.). We affirm the judgment of the court of appeals.

---

1. All statutory references are to Texas Revised Civil Statutes Annotated unless otherwise indicated.

On November 10, 1976, John Carroll was driving northbound on a two-lane country road in north Harris County. The car which Carroll was driving was owned by Cecil Carroll. Mike Muller and John Seyen were passengers in the Carroll vehicle. The Carroll vehicle struck a pile of dirt left in the roadway by Cypress. John Carroll lost control of the automobile, swerved into the southbound lane, and collided with an automobile driven by Mattie Rowden in which William A. Rowden, a minor, was a passenger.

Muller and Seyen jointly filed suit on May 6, 1977 against Cypress and John Carroll seeking recovery for the injuries they sustained in the collision between the Rowden and Carroll vehicles. On September 21, 1977, Mattie Rowden, acting individually and as next friend of William Rowden, filed suit against Cypress for negligence in leaving the dirt in the roadway, against John Carroll for negligent driving, and against Cecil Carroll for negligent entrustment. The Muller and Seyen suit and the Rowden suit were consolidated by order of the court.

The Carrolls filed cross-actions against Cypress seeking affirmative relief for personal injury and property damage. The Carrolls did not seek contribution from Cypress. The Carrolls did seek contribution from Mrs. Rowden, but did not seek affirmative relief. Cypress sought contribution from Mrs. Rowden but not from the Carrolls.

The Carrolls settled with Mrs. Rowden and William Rowden prior to trial. The Rowdens received $25,000 from the Carrolls. The trial court apportioned the settlement $20,000 to Mrs. Rowden and $5,000 to William.

The Rowden claim against Cypress and the Muller and Seyen claims against Cypress and John Carroll proceeded to trial before a jury. Before submission of special issues, Cypress purported to elect to take a dollar for dollar credit for the amount received by Mattie Rowden in settlement with the Carrolls to be applied to any judgment rendered against Cypress. The jury answered the special issues, finding Cypress and John Carroll were negligent and their negligence proximately caused the accident. The jury apportioned the negligence 80% to Cypress and 20% to John Carroll. No issues were submitted inquiring as to the negligence of Mrs. Rowden because the trial court granted her an instructed verdict.

Seyen came to an agreement with Carroll during jury deliberations and received $7,500 in settlement of his claim.

The jury awarded $730,000 in damages to Muller, $9,556.97 to Mrs. Rowden, and $1,500 to Seyen. The trial court rendered judgment against John Carroll and Cypress jointly and severally for all of the damages sustained by Muller. The trial court refused to allow Cypress a dollar for dollar credit for the settlements between Mattie Rowden, Seyen and Carroll. The negligence of the settling defendant, Carroll, had been submitted to the jury and a percentage of negligence had been determined. The court reduced the judgment against Cypress in favor of Mrs. Rowden and Seyen by 20%, the amount of negligence found to be attributable to Carroll. Thus, the trial court rendered judgment that Cypress pay Mrs. Rowden a total of $7,245.57.[2] Cypress was also ordered to pay Seyen $1,200.

The court of appeals affirmed the judgment of the trial court. The court of appeals held that article 2212a § 2(e) requires that a proportional credit rather than a dollar for dollar credit for the amount of a settlement be applied whenever the amount of negligence attributable to a settling tortfeasor is determined by the jury.

■ At common law, a party who had acted in concert with another to perpetrate a tort was not allowed contribution from his

---

**2.** In reducing the judgment against Cypress in favor of Mrs. Rowden by 20%, the district court apparently miscalculated, since 80% of $9,556.97 is $7,645.57, not $7,245.57. However, Mrs. Rowden has not asserted error in the amount of the judgment.

co-tortfeasor. *Merryweather v. Nixan,* 101 Eng.Rep. 1337 (1799); *see* Prosser, Law of Torts 307 (4th ed. 1971). The law did not favor wrongdoers and did not welcome suits to apportion the profits and losses derived from their wrongs. *Wheeler v. Glazer,* 137 Tex. 341, 153 S.W.2d 449 (1941); *Robertson v. Trammell,* 37 Tex.Civ.App. 53, 83 S.W. 258 (1904) writ ref'd 98 Tex. 364, 83 S.W. 1098; *see* Hodges, *Contribution and Indemnity Among Tortfeasors,* 26 Tex.L.R. 150 (1947).[3] Several decisions by the court of civil appeals did, however, provide some relief to a joint tortfeasor in the form of a credit where the plaintiff had entered into a partial settlement. *See St. Louis I.M. & S. Ry. v. Bass,* 140 S.W. 860 (Tex.Civ.App. 1911, writ ref'd); *El Paso & S.R. Co. v. Darr,* 93 S.W. 166 (Tex.Civ.App.1906, writ ref'd); *Robertson v. Trammell, supra.* It was held that when the plaintiff settled with one tortfeasor but manifested an intent not to release his entire cause of action against all tortfeasors, the plaintiff could pursue his action against the non-settling wrongdoer, but the amount of the settlement was deducted from the judgment against the remaining defendants.[4] *St. Louis I.M. & S. Ry. v. Bass, supra.* This credit resulted from the principle that a plaintiff was entitled to recover but one satisfaction of his damages as found by the jury. *Robertson v. Trammell, supra* at 265.

In 1917, the legislature expressly abrogated the common law rule of no contribution by enacting article 2212 which allows a tortfeasor to bring suit for contribution against his co-tortfeasor to apportion the damages he was forced to pay his victim. Article 2212 provides:

> Any person against whom, with one or more others, a judgment is rendered in

any suit on an action arising out of, or based on tort, . . . shall upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment.

The statute expressly provides for a division of damages among "defendants." However, article 2212 is completely silent as to the right of contribution against a settling tortfeasor who is not a "defendant" and against whom no judgment for the plaintiff may be rendered.

When one or more joint tortfeasors settled with the plaintiff, it was not clear under the statute that the remaining defendant could recoup any excess he paid over and above his share of the damages. The remedy for this situation was embodied in the decision of *Bradshaw v. Baylor University,* 126 Tex. 99, 84 S.W.2d 703 (1935). In that case, Bradshaw sustained personal injuries when the bus in which he was a passenger and which was owned and operated by Baylor University collided with a train. Bradshaw settled with the railroad and assigned it his cause of action against Baylor. The railroad then brought suit in Bradshaw's name against Baylor University. The jury returned a verdict against Baylor for an amount equal to the amount which Bradshaw had received in settlement from the railroad. The Commission of Appeals, in an opinion adopted by this court, held that Baylor was allowed a credit for the dollar amount of Bradshaw's settlement with the railroad under the theory that the plaintiff was entitled to only "one satisfaction" of the damages found by the jury.

---

**3.** At one time, indemnity was possible when one tortfeasor was only *passively* negligent and another was *actively* negligent. *Wheeler v. Glazer, supra.* This distinction was abolished, however, in *General Motors Corp. v. Simmons,* 558 S.W.2d 855, 860 (Tex.1977).

**4.** At the time these cases were decided there was still some question whether the release of one tortfeasor released the plaintiff's entire

cause of action. *See Hunt v. Ziegler,* 271 S.W. 936 (Tex.Civ.App.—San Antonio 1925) *affirmed* 280 S.W. 546 (Tex.Comm.App.1926, judgment adopted). It is now well settled that a plaintiff may release one defendant without releasing his cause of action against other defendants. *McMillen v. Klingensmith,* 467 S.W.2d 193 (Tex.1971).

This court adopted the credit applied before article 2212 was enacted and substituted the credit for the payment in contribution that could have been obtained if judgment had been rendered against both parties.

Problems surfaced with the *Bradshaw* approach when a plaintiff would enter into a settlement with one of the defendants and then would use that defendant's help to secure a large judgment against the remaining defendant. This court faced that situation in *Palestine Contractors v. Perkins,* 386 S.W.2d 764 (Tex.1964). In that case, Mrs. Perkins was injured because of the negligence of Herman Conoway, the driver of a truck owned by Palestine Contractors. Mrs. Perkins settled with Conoway for a nominal sum and sought recovery against Palestine Contractors. The jury found Conoway at fault, and Palestine Contractors was held vicariously liable. We held that the settlement with Conoway released one-half of Mrs. Perkins' claim against Palestine Contractors even though Mrs. Perkins had received less in total damages than the amount found by the jury at trial.

Thus two methods of dealing with contribution rights against a settling tortfeasor existed side by side in our jurisprudence. The practice in the courts of this state, though never expressly sanctioned by this court, was to allow a defendant to proceed to trial seeking a *Palestine Contractors* proportionate reduction, but to allow him to elect a *Bradshaw* credit if payment of the defendant's proportionate share would result in the plaintiff receiving more in damages and settlement than the amount of damages found by the jury. *See Deal v. Madison,* 576 S.W.2d 409, 416 (Tex.App.— Dallas 1978, writ ref'd n.r.e.). As a result, the non-settling defendant was placed in an extremely advantageous position.

In 1973, the legislature enacted article 2212a. Article 2212a did away with the common law defense of contributory negligence as an absolute bar to a plaintiff's recovery. Damages are now awarded in proportion to the fault of the parties as determined by the jury and expressed as a percentage. The statute also expressly provides for contribution among joint tortfeasors in relation to the percentage of fault found by the jury. Moreover, unlike its predecessor, article 2212, article 2212a § 2 sets out exactly how contribution rights are affected by a settlement between the plaintiff and one or more tortfeasors. Article 2212a § 2 provides in pertinent part:

(b) In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negligence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant.

. (c) Each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him.

(d) If an alleged joint tort-feasor pays an amount to a claimant in settlement, but is never joined as a party defendant, or having been joined, is dismissed or nonsuited after settlement with the claimant (for which reason the existence and amount of his negligence are not submitted to the jury), each defendant is entitled to deduct from the amount for which he is liable to the claimant a percentage of the amount of the settlement based on the relationship the defendant's own negligence bears to the total negligence of all defendants.

(e) *If an alleged joint tort-feasor makes a settlement with a claimant but nevertheless is joined as a party defendant at the time of the submission of the case to the jury (so that the existence and amount of his negligence are submitted to the jury) and his percentage of negligence is found by the jury, the settlement*

*is a complete release of the portion of the judgment attributable to the percentage of negligence found on the part of that joint tortfeasor.*

\* \* \* \* \* \*

(h) This section prevails over Article 2212, Revised Civil Statutes of Texas, 1925, and all other laws to the extent of any conflict. (emphasis added)

The statute carries forward both court-created methods of dealing with contribution rights against a settling tortfeasor, but specifies more clearly the circumstances under which each rule applies. Section 2(d) embodies the dollar credit provided in *Bradshaw.* Section 2(e) embodies the rule of *Palestine Contractors,* modified to allow comparative fault. Cypress argues the statute carries forth the defendant's election to take a dollar or *pro rata* credit. Cypress contends it should be allowed to elect a 2(d) *Bradshaw* credit even though the negligence of the settling tortfeasor, Carroll, was determined by the jury due to circumstances beyond Cypress's control. However, the express provisions of the statute do not grant the defendant the advantage once enjoyed under article 2212. The plain language of article 2212a § 2 requires that a proportional credit be applied whenever the negligence of the settling defendant is submitted to the jury; a dollar credit is applied only when there is no determination of the percentage of negligence attributable to the settling tortfeasor. *See Clemtex v. Dube,* 578 S.W.2d 813 (Tex.Civ.App. —Beaumont 1979, writ ref'd n.r.e.); Edgar, *Procedural Aspects of Settlement: An Overview of Texas Law,* 12 St. Mary's L.J. 279, 319 (1980); Sales, *Limitations on Recovery of Damages in Personal Injury Actions,* 18 So.Tex.L.J. 217, 269 (1977); Keeton, *Torts, Annual Survey of Texas Law,* 28 S.W.L.J. 1, 13–14 (1974); Fisher, Nugent, & Lewis, *Comparative Negligence: An Exercise in Applied Justice,* 5 St. Mary's L.J. 655, 665–666 (1974). When the negligence of a settling tortfeasor is submitted to the jury and is determined, the amount paid in settlement is irrelevant. *Clemtex v. Dube, supra;* Edgar, *supra* at 320; Woods, COMPARATIVE FAULT, 565–566 (1978).

Cypress impliedly recognizes the import of the statutory language when it repeatedly argues against a "mechanical" application of the statute. According to Cypress, we should not apply the statute as written, but instead should reach out for an unexpressed legislative intent which Cypress contends would support implication of an election of credits belonging solely to the defendant. This intent of the legislature that the defendant's election be preserved is said to be inferable from the fact that the legislature did not state expressly "the one satisfaction rule is abolished." However, the adoption of the comparative negligence statute resulted in a change in the law of negligence in Texas which could rightly be described as radical. Article 2212a has abolished the common law doctrine of indemnity between joint tortfeasors even though the statute does not expressly mention that doctrine. *B & B Auto Supply v. Central Freight Lines, Inc.,* 603 S.W.2d 814, 816–17 (Tex.1980). *See generally Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 517 (Tex.1978) (doctrine of no duty abolished by the court); *Davila v. Sanders,* 557 S.W.2d 770, 771 (Tex.1977) (doctrine of imminent peril abolished by the court); *Farley v. MM Cattle Co.,* 529 S.W.2d 751, 758 (Tex.1975) (doctrine of assumption of risk abolished by the court).

Cypress also contends the legislature did not intend to abrogate the defendant's election because the statute is directed only at alleviating the inequities inherent in contributory negligence. As can be seen from our discussion of the history of contribution rights against settling tortfeasors, there were problems in our law of negligence which needed correction other than contributory negligence. The law as it stood before 1973 discouraged settlements as it gave the non-settling defendant a distinct advantage. Under the rule of *Palestine Contractors,* the non-settling defendant was as-

sured that he would never pay more than his proportionate share of the damages found by the jury, but the *Bradshaw* rule always held out the possibility that the defendant who goes to trial might pay *less* than his *pro rata* share because of the miscalculation of the settling tortfeasor in paying *more* than his share. Moreover, under the former system, the plaintiff could only lose by settling. If the plaintiff settled for less than the settling defendant's *pro rata* share of the damages found by the jury, the plaintiff absorbed the loss. If the plaintiff made a settlement for more than the settling defendant's share, the excess benefited only the non-settling defendant.[5]

Our statute does much more than merely abolish the defense of contributory negligence as an absolute bar to a plaintiff's recovery. Article 2212a § 2 sets out the contribution rights of the defendant in a provision which has been called the most explicit and the most comprehensive of any statute in the United States in dealing with the problem of the settling tortfeasor. Griffith, Hemsley, & Burr, *Contribution, Indemnity, Settlements, and Releases: What the Pennsylvania Comparative Negligence Statute Did Not Say,* 24 Vill.L.Rev. 494, 501, 513 (1979). If our legislature had intended to enact a statute to deal only with contributory negligence and to leave the Texas law pertaining to contribution unchanged, it would not have written specific contribution provisions and a provision expressly overriding all previous contribution laws. *See* Art. 2212a § 2(h).[6]

■ The policy of the comparative negligence statute is to apportion all damages in relation to the percentage of fault found by the jury. *B & B Auto Supply v. Central Freight Lines, Inc., supra.* Section 2(e) furthers that policy by providing that whenever the percentage of fault is determined by the jury, all rights to contribution and credits will be controlled by that percentage.

Cypress relies heavily upon language from the Dallas Court of Civil Appeals in *Deal v. Madison, supra,* and the Beaumont Court of Appeals in *Columbia Engineering International Ltd. v. Dorman,* 602 S.W.2d 72 (Tex.App.—Beaumont 1980, writ ref'd n.r.e.). In *Deal,* the plaintiff Madison brought a negligence suit against Deal and two others, but settled with all defendants except Deal. Deal sought indemnity and contribution from the other defendants up until the case was submitted to the jury. At the time of submission, Deal attempted to dismiss the other defendants and withdraw the issues inquiring into their relative percentages of negligence. The trial court submitted the issues at Madison's request and over defendant Deal's objection, and the jury answered the issues. However, the trial court refused to allow either a section 2(d) or section 2(e) credit, holding that the defendant was estopped from claiming either provision because he waited until the last minute to dismiss the settling tortfeasors. The court of civil appeals held that section 2(d) controlled and reduced the judgment against Deal by the amount of the settlements. The court of civil appeals stated that section 2(d) embodies the *Bradshaw* rule and thus article 2212a does not abrogate that rule. The court of civil appeals expressly reserved judgment on the question of whether the *Bradshaw* rule

---

**5.** The Uniform Contribution Among Tortfeasors Act in its most recent version would not have provided for the result reached in Texas. *See Palestine Contractors v. Perkins, supra* at 770–771. The Uniform Act does not confront the plaintiff with *both* a *pro tanto* and *pro rata* reduction at the option of the defendant. Most states which have specifically provided for contribution rights in their comparative negligence statutes apply only one approach, either proportionate contribution or a dollar credit. *See Woods, supra* at 421–595.

The Uniform Comparative Fault Act adopts only a proportionate credit such as provided in article 2212a § 2(e). Uniform Comparative Fault Act § 6. The rule in Texas resulted from the peculiarities of article 2212. *Palestine Contractors, supra* at 771.

**6.** Several state statutes enacting comparative negligence leave contribution laws unchanged. *E.g.* Mass.Gen.Laws Ch. 231 § 85; *Miss.Code Ann.* §§ 11–7–15, 11–7–17.

could apply in a case in which the defendant elected to apply 2(e). In *Deal v. Madison,* Madison made no contention to the court of civil appeals or to this court on application for writ of error that the proportionate credit of section 2(e) should have been applied under the facts of that case. The opinion in *Deal v. Madison* does, however, imply that the negligence of a settling tortfeasor may not be submitted at the request of a plaintiff in order to trigger section 2(e). To the extent *Deal v. Madison* can be read to hold that section 2(e) applies only at the option of the defendant, it conflicts with the statute and this opinion, and it is disapproved.

The majority opinion in *Columbia Engineering International Ltd. v. Dorman, supra,* does squarely hold that the one satisfaction rule applies even though the negligence of the settling defendant is submitted to the jury.[7] This holding is difficult to reconcile with that same court's holding in *Clemtex v. Dube, supra.* To the extent the opinion in *Columbia Engineering* conflicts with this opinion, it is disapproved.

Other recent cases cited by Cypress as approving the one satisfaction rule are cases in which article 2212a §§ 2(d) and 2(e) do not apply. *See T.L. James & Co. v. Statham,* 558 S.W.2d 865 (Tex.1977) (holding §§ 2(d) and (e) only apply to *settlements,* not judgments); *Schering v. Giesecke,* 589 S.W.2d 516 (Tex.App.—Eastland 1980, writ ref'd n.r.e.) (products liability suit); *McCrary v. Taylor,* 579 S.W.2d 347 (Tex.App.—Eastland 1979, writ ref'd n.r.e.) (fraud suit). *Rexroat v. Prescott,* 570 S.W.2d 457 (Tex.App.—Amarillo 1978, writ ref'd n.r.e.), cited by Cypress, is a negligence suit to which article 2212a would be applicable, but the only question before the court in that case was whether a minor could and did release his cause of action. None of the above cases is authority for Cypress's position in this appeal.

Cypress urged in oral argument that an application of section 2(e) against the wishes of the defendant will result in collusive settlements in which the plaintiff and one of the tortfeasors team up to place all of the responsibility upon a single defendant. However, the plaintiff who enters into a settlement for less than a good faith estimate of his damages always runs the risk of receiving less total compensation than the damages found by the jury if the settling defendant's negligence is submitted to the jury and the jury attributes more negligence to the settling defendant than expected. Moreover, it is questionable whether it is desirable at all to combat the use of unfair trial tactics with changes in the *substantive* law. Changing the substantive right to compensation or contribution in order to lessen collusive agreements is futile and tends only to work an injustice on one party or another. Instead, our approach in recent years has been to combat the collusive settlement directly with procedural safeguards. One of these safeguards is to inform the jury of any settlement which might cause a distorted picture of the parties' true interests. *See General Motors Corp. v. Simmons,* 558 S.W.2d 855 (Tex. 1977). Cypress has pointed to no collusion in the present case which might have reasonably resulted in an unjust apportionment of damages.

At the heart of Cypress's contention that we should provide an election not found in the statute is the idea that the statute as written results in some injustice to the nonsettling defendant because he is not allowed in every case to elect a dollar credit. Unjust enrichment is said to result when the total settlement and the judgment exceed the amount of damages found by the jury. However, as noted by the Supreme Court of New Jersey in response to this argument:

> If there is enrichment, it is not at the defendant's expense. Defendant does not seek to make [the settling defendant] whole but rather to profit from the injus-

---

**7.** *Columbia Engineering* bears the notation "writ ref'd n.r.e."; however, the comparative negligence question in that case was not before this court. The application for writ of error in that case was filed by the defendant, Columbia Engineering.

tice that [the settling defendant] supposedly experienced. If the voluntary agreement between plaintiff and [the settling defendant] were thought so to offend public policy as to require redress, the remedy would run to [the settling defendant] rather than to a stranger to the bargain.

*Theobald v. Angelos,* 44 N.J. 228, 208 A.2d 129 (1965). The present case is a prime example of the inequity the one satisfaction rule can bring about if applied in a comparative negligence case. If Cypress were allowed to elect a dollar for dollar credit for the settlement between Mrs. Rowden and the Carrolls, then Cypress, *found to be 80% at fault* in the accident, would pay *nothing.* Cypress would be rewarded for its intransigence in failing to settle with Mrs. Rowden prior to trial, at the expense of Mrs. Rowden whom the court found completely innocent and Carroll whose fault was found to be only slight. Such a result would be incongruous.

Cypress has presented no reason to believe the legislature did not mean to effect the change in the law which article 2212a § 2(e) clearly provides.[8] The judgment of the court of appeals is affirmed.

---

**8.** Our holding is not to be interpreted as abolishing the *Bradshaw* rule in cases in which article 2212a § 2(e) does not apply.