First Title of Waco v. Garrett 







MOTION FOR REHEARING DENIED
SEPTEMBER 13, 1990

NO. 10-89-228-CV
Trial Court
# 88-2452-3
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

FIRST TITLE COMPANY OF WACO, ET AL,
   Appellants
v.

CHARLES GARRETT, ET UX,
   Appellees

* * * * * * * * * * * * *

 From 74th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

OPINION ON REHEARING

* * * * * * *
The court refused to credit $62,000, the amount the Garretts
received in settlement of a separate suit against Jenkins and
Dameron, against the judgment in this suit. First Title and Alamo
Title claimed they were entitled to the credit under the "one
satisfaction rule"


 in Bradshaw v. Baylor University, 126 Tex. 99,
84 S.W.2d 703, 705 (Tex. Comm'n App. 1935, opinion adopted). 
Relying on Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 434 (Tex.
1984), and Stewart Title Guar. Co. v. Sterling, 772 S.W.2d 242, 248
(Tex. App.--Houston [14th Dist.] 1989, writ granted), this court
held that they waived their right to the credit by failing to
obtain a comparative-causation finding of Jenkins' and Dameron's
liability.
First Title and Alamo Title contend on rehearing that Duncan
only applies when at least one defendant is strictly liable. They
point out that they were not strictly liable. They also argue that
Sterling misapplied Duncan because none of the Sterling defendants
were strictly liable. Regardless of whether Duncan was correctly
applied by this court or in Sterling, First Title and Alamo Title
were not entitled to the credit because they failed to establish
that Jenkins and Dameron were joint tortfeasors.
The opinion in Cypress Creek Utility Service Co. v. Muller,
640 S.W.2d 860, 862 (Tex. 1982), provides a historical perspective
of the settlement credit, which evolved as a means of ameliorating
the harshness of the common-law rule that prohibited contribution
between joint tortfeasors. Although the right of contribution did
not exist under common law, courts began deducting the plaintiff's
settlement with a joint tortfeasor from the judgment against the
non-settling tortfeasor based on the principle that the plaintiff
was entitled to only one satisfaction of the damages found by the
jury. Id.
Article 2212, later codified as chapter 32 of the Civil
Practices and Remedies Code, was enacted in 1917 to abrogate the
common law and provide contribution among joint tortfeasors. TEX.
REV. CIV. STAT. ANN. art. 2212 (Vernon 1971 and Vernon Supp. 1985)
(repealed 1985, current version at TEX. CIV. PRAC. & REM. CODE ANN.
§§ 32.001-.003 (Vernon 1986)). However, the statute only applied
to parties bound by the judgment. Therefore, if the plaintiff
settled with a tortfeasor who was not liable under the judgment,
then the non-settling defendant was still subject to the common-law
prohibition against contribution. Muller, 640 S.W.2d at 862. When
faced with that situation, the court in Bradshaw v. Baylor
University deducted the plaintiff's settlement from the judgment. 
Id.; Bradshaw, 84 S.W.2d at 705. That approach was consistent with
the action of courts prior to the enactment of article 2212. 
 In Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764
(Tex. 1964), article 2212 was applicable because the settling
tortfeasor was bound by the judgment. Under those circumstances,
the Supreme Court rejected a dollar-for-dollar credit in favor of
a proportionate reduction of the judgment based on the number of
settling tortfeasors divided by the total tortfeasors. Duncan, 665
S.W.2d at 430.
Article 2212a, later codified as chapter 33 of the Civil
Practices and Remedies Code, was enacted in 1973 to allow
contribution between negligent joint tortfeasors based on the
percentage of fault found by the jury. TEX. REV. CIV. STAT. ANN.
art. 2212a (Vernon Supp. 1985) (repealed 1985, current version at
TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001-.016 (Vernon 1986 and
Vernon Supp. 1990)). Unlike article 2212, the legislature in
article 2212a spelled out how settlements were to affect the
judgment against the non-settling defendant. Section 2(d), which
embodied the dollar credit in Bradshaw v. Baylor University, was
applicable if the settling party's negligence was not determined by
the jury. TEX. CIV. PRAC. & REM. CODE ANN. § 33.014 (Vernon 1986
and Vernon Supp. 1990); Muller, 640 S.W.2d at 863. If the jury
determined the negligence of the settling tortfeasor, then section
2(e) provided a Palestine Contractors-type proportionate reduction
based on the settling tortfeasor's percentage of negligence. TEX.
CIV. PRAC. & REM. CODE ANN. § 33.015 (Vernon 1986 and Vernon Supp.
1990); Muller, 640 S.W.2d at 863.
A credit against the judgment, whether a dollar-for-dollar
reduction under Bradshaw v. Baylor University or a Palestine
Contractors proportional credit, only applies if the settling and
non-settling parties are joint tortfeasors. Assuming that Duncan
is inapplicable to the facts here, First Title and Alamo Title had
to at least establish by proof that Jenkins and Dameron were joint
tortfeasors before they would be entitled to a dollar credit. 
However, the record simply does not reflect the basis of the
Garretts' suit against Jenkins and Dameron or the basis of their
liability, if any.


 Accordingly, the court did not err when it
refused to credit the settlement against the judgment. Point nine
is also overruled for this reason.
Point eleven was that the Garretts failed to demonstrate good
cause for the allegedly late designation of their previously
undisclosed accounting expert. An allegation was made under the
"lack of good cause" point that the Garretts failed to disclose
their expert "as soon as practical." See TEX. R. CIV. P.
166b(6)(b). First Title and Alamo Title point out on rehearing
that the "as soon as practical" allegation was not addressed in the
opinion.
Even though a party may disclose an expert more than thirty
days prior to the beginning of trial, the court has the discretion
to suppress the expert's testimony because the disclosure was not
made as soon as practical. Id.; Builder's Equipment Co. v. Onion,
713 S.W.2d 786, 788 (Tex. App.--San Antonio 1986, no writ). That
discretion can be abused. Williams v. Crier, 734 S.W.2d 190, 193
(Tex. App.--Dallas 1987, no writ). However, the record does not
reflect that the court clearly abused its discretion when it
refused to suppress the accounting expert's testimony on the ground
that the disclosure was not made as soon as practical. Point
eleven is also overruled for this reason. The motion for a
rehearing is denied.
 
                            
BOB L. THOMAS
PUBLISHChief Justice