NUMBER 13-00-731-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







FEDERAL PETROLEUM COMPANY
, Appellant,


v.



GAS EQUIPMENT COMPANY, Appellee.





On appeal from the 332nd District Court


of Hidalgo County, Texas.






O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Castillo


Opinion by Justice Castillo



 This appeal arose out of products-liability litigation filed as a result of a gas
explosion in 1997 in Brownsville, Texas. The product was manufactured by Fratelli
Pettinaroli, S.P.A. ("the manufacturer"). Gas Equipment Company ("GEC"), appellee,
supplied the product to Federal Petroleum Company ("Federal"), appellant, which sold
and installed the product. In two issues in a case of first impression, Federal asserts:
(1) an implied or common-law right of indemnity from GEC; and (2) error in the trial
court's granting of GEC's motion for summary judgment and denial of Federal's motion
for summary judgment on Federal's indemnity claim. We affirm. 

I. RELEVANT PROCEDURAL HISTORY


 In multiple original petitions and petitions in intervention, a number of parties
(collectively, the "plaintiffs") sued GEC, Federal, the manufacturer, and others
(collectively, the "defendants"). Federal cross-claimed against GEC, the manufacturer,
and the other defendants for contribution and indemnity. On May 19, 1999, GEC
answered Federal's cross-claim, cross-claimed against Federal and the other
defendants for contribution and indemnity, and moved for summary judgment on
Federal's cross-claim. Meanwhile, Federal and the other defendants (except GEC)
settled with the plaintiffs, resulting in nonsuits of the plaintiffs' claims. The court's
docket sheet reflects that cross-claims against one of the other defendants and against
the manufacturer were severed and that a notice of removal was filed. On April 10,
2000, GEC filed another motion for summary judgment as to Federal's cross-claim. 
Federal responded to GEC's motion for summary judgment on April 27, 2000. 

 On May 7, 2000, counsel for GEC and Federal entered into a rule 11 agreement (1)
(the "Rule 11 Agreement") regarding the procedural posture in which Federal's
indemnity claim against GEC would be presented to the court in the event either the
plaintiffs obtained a verdict against GEC in the pending jury trial or GEC settled with
the plaintiffs. On May 9, 2000, GEC announced to the court that it had settled with
the plaintiffs. On June 2 and 6, 2000, GEC filed amended motions for summary
judgment as to Federal's cross-claim for contribution and indemnity. On June 26,
2000, Federal again responded to GEC's motion, incorporating its April 27, 2000
response by reference, and filed its own motion for summary judgment on its
indemnity claim against GEC. The plaintiffs nonsuited GEC on August 24, 2000. 
Consequently, as a result of settlements, nonsuits, severances, and removal, only the
cross-claims between GEC and Federal remained. (2) On August 30, 2000, the trial
court signed an order granting GEC's amended motion for summary judgment that
recited:

 Pending before the Court is Defendant Gas Equipment Co., Inc.'s
Amended Motion for Summary Judgment as to Cross-Claim by Federal
Petroleum Company. After considering the motion, responses, if any,
authorities, and arguments of counsel, the Court is of the opinion that the
motion should be granted. It is, therefore, ORDERED that Defendant Gas
Equipment Co., Inc.'s Amended Motion for Summary Judgment as to
Cross-Claim by Federal Petroleum Company should be and is hereby
GRANTED. All relief not expressly granted herein is denied. 


 On September 9, 2000, the trial court signed a "Final Take Nothing Judgment"
that read as follows:

 On the 30th day of August 2000, this court signed an Order
Granting Defendant Gas Equipment Company, Inc.'s Amended Motion for
Summary Judgment as to the indemnity claims by Federal Petroleum
Company. 


 Having dismissed by summary judgment the indemnity claims by
Federal Petroleum Company against Gas Equipment Company;


 It is therefore, ORDERED, ADJUDGED and DECREED that Federal
Petroleum Company take nothing from Gas Equipment Company. 


 All relief not expressly granted herein is Denied. (3)


II. THE SUMMARY-JUDGMENT GROUNDS


 Both parties brought traditional motions for summary judgment. See Tex. R.
Civ. P. 166a(c). In its amended motion for summary judgment filed June 6, 2000,
GEC asserted: (1) Federal was not entitled to contribution because it had settled with
the plaintiffs; (2) Federal and GEC were not parties to any contractual indemnity
provision; (3) statutory indemnity under section 82.002 of the civil practice and
remedies code (4) is only available against manufacturers and not distributors such as
GEC; (4) statutory indemnity under section 82.002 is available only to harmless sellers
and not negligent sellers such as Federal; (5) statutory indemnity under section 82.002
is not available for the negligence claims made against Federal by the plaintiffs
independent of their products-liability claims; and (6) common-law indemnity, like
statutory indemnity under section 82.002, applies only to vicarious liability claims by
innocent retailers against manufacturers and is not available to Federal, as a negligent
retailer, against GEC, as a supplier, for the plaintiffs' negligence claims independent
of their products-liability claims. 

 In its responses and cross-motion for summary judgment filed April 27 and
June 26, 2000, Federal did not claim it was entitled to contribution or that any
contractual indemnity provision controlled the relationship of the parties. Federal did
assert, however, that: (1) Federal was entitled to statutory indemnity from GEC under
section 82.002; (2) the terms of the Rule 11 Agreement provided that Federal had
obtained all findings of fact necessary to recover indemnity when GEC settled with the
plaintiffs; (3) Federal, as an innocent retailer, was entitled to common-law indemnity
from GEC as an "upstream supplier"; (4) any fact findings required with regard to
whether Federal was an innocent retailer were supplied by the parties' stipulations in
the Rule 11 Agreement; and (5) even without the stipulations, undisputed evidence
proved Federal was an innocent retailer. 

III. STANDARD OF REVIEW:


CROSS-MOTIONS FOR SUMMARY JUDGMENT



 We review the grant of a traditional summary judgment de novo. Alejandro v.
Bell, 84 S.W.3d 383, 390 (Tex. App.-Corpus Christi 2002, no pet.). The function of
summary judgment is not to deprive litigants of the right to a jury trial but to eliminate
patently unmeritorious claims and defenses. City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 n.5 (Tex. 1979); Swilley v. Hughes, 488 S.W.2d 64,
68 (Tex. 1972). When presented with cross-motions for summary judgment, we
review the summary judgment evidence presented by both sides, determine all
questions presented, and, if we reverse, render the judgment the trial court should
have rendered. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988) (orig.
proceeding) (per curiam). 

 In the present case, the trial court did not specify the grounds on which the
summary judgment was granted. If a summary judgment order does not specify the
ground or grounds on which the court relied, we will uphold the ruling if any of the
grounds in the summary judgment motion is meritorious. Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999); Weakly v. East, 900 S.W.2d 755, 758
(Tex. App.-Corpus Christi 1995, writ denied). 

IV. THE ISSUES ON APPEAL


 Federal did not claim during the summary judgment proceedings that it was
entitled to contribution or that any contractual indemnity provision controlled the
relationship of the parties. In its appeal brief, Federal concedes that a settling
tortfeasor does not have a right to contribution from other alleged tortfeasors. See
Beech Aircraft Corp. v. Jinkins, 739 S.W.2d 19, 21 (Tex. 1987). Further, Federal
does not raise an issue on appeal that it is entitled to indemnity from GEC under
section 82.002 of the civil practice and remedies code. (5) Rather, on appeal Federal
focuses on two issues: (1) Federal's right as an innocent retailer to common-law
indemnity from GEC as a supplier but not manufacturer of the product; and (2) if
Federal is entitled to common-law indemnity from GEC, the effect of the Rule 11
Agreement on GEC's factual defenses that the claims brought by the plaintiffs against
Federal were for negligence rather than for products liability and that Federal did not
prove it was an innocent retailer. Because our disposition of the threshold indemnity
issue resolves the appeal, we do not reach Federal's remaining issue. See Tex. R. App.
P. 47.1. 

V. COMMON-LAW INDEMNITY


 Under Texas law, the availability of common-law indemnity is extremely limited. 
See Cypress Creek Util. Serv. Co., Inc. v. Muller, 640 S.W.2d 860, 862 (Tex. 1982)
(discussing history of statutory abrogation of common-law contribution and indemnity
rights). Texas abolished the doctrine of common-law indemnity in negligence cases
by adopting a statutory scheme of comparative negligence. B & B Auto Supply, Sand
Pit, & Trucking Co. v. Central Freight Lines, Inc., 603 S.W.2d 814, 817 (Tex. 1980). 
The supreme court expressly stated that its holding in B & B Auto Supply did not "bar
indemnity in cases in which there is a contractual basis for indemnity or cases in which
one party's liability is purely vicarious." Id. Nonetheless, Federal cites no products-liability case, either before or after B & B Auto Supply, and we have found none in
Texas, recognizing a retailer's common-law right to indemnity for a manufacturing or
design defect from an "upstream" supplier that did not also produce the product in
question. 

 We are aware that a handful of other jurisdictions recognize a common-law right
of indemnity by a retailer against a supplier. The New Jersey Supreme Court surveyed
the available jurisprudence on the issue in 1989: 

 In the present case, we consider the application of the principles
underlying strict liability in tort to a claim for common-law indemnification
by one distributor against a distributor higher in the chain. Here, the
claim is not between two parties, one of which is primarily liable and the
other liable only secondarily or vicariously. Both Amtorg and Buck are
liable to plaintiff because of their relationship to the product as it
proceeded down the chain of distribution. We have not previously
considered the issue, and it has received scant attention from
commentators and other courts. 


Promaulayko v. Johns Manville Sales Corp., 562 A.2d 202, 205 (N.J. 1989). The
Promaulayko court recognized the common-law right of indemnity by a retailer against
a supplier, explaining its reasoning as follows:

 In allowing claims for common-law indemnification by one party in the
chain of distribution against a party higher up the chain, these courts
have proceeded in a manner consistent with the principle of allocating the
risk of loss to the party better able to control the risk and to distribute its
costs. The approach is consistent also with the principle of focusing on
the defective product as it proceeds down the chain of distribution. In
general, the effect of requiring the party closest to the original producer
to indemnify parties farther down the chain is to shift the risk of loss to
the most efficient accident avoider. Passing the cost of the risk up the
distributive chain also fulfills, as a general rule, the goal of distributing
the risk to the party best able to bear it. The manufacturer to whom the
cost is shifted can distribute that cost among all purchasers of its
product. Similarly, a wholesale distributor can generally pass the risk
among a greater number of potential users than a distributor farther down
the chain. 


Promaulayko, 562 A.2d at 206 (citations omitted). Relying on Promaulayko, the
Wyoming Supreme Court observed, on questions certified from the United States
Court of Appeals for the Tenth Circuit, that:

 [i]ndemnity, under strict liability, permits an allocation of the risk of loss
among the parties constituting the chain of distribution to the party best
able to control loss and distribute it. As the head of the product
distribution chain, the manufacturer is the party most likely to indemnify
as it is best able to "bear the cost of defective products and distribute
that cost most equitably throughout society." Typically, a retailer or a
seller of a defective product who has paid a judgment seeks indemnity
from a distributor or manufacturer, a person higher up the distribution
chain.


Schneider Nat'l, Inc. v. Holland Hitch Co., 843 P.2d 561, 581 (Wyo. 1992) (citations
omitted); see Texaco, Inc. v. McGrew Lumber Co., 254 N.E.2d 584, 588 (Ill. App. 1st
Dist. 1969) (affirming seller's right to indemnity from distributor). 

 The attention this issue has received from commentators and other courts since
Promaulayko continues to be scant. See Godoy v. Abamaster of Miami, Inc.,
754 N.Y.S.2d 301, 307 (N.Y. App. Div. 2003) (finding reasoning in Promaulayko
persuasive). We decline Federal's invitation to establish an indemnity right, never
before recognized in Texas, that few jurisdictions have embraced. We hold that the
trial court's rulings on the parties' summary judgment motions can be sustained on the
ground that Texas law does not recognize a right of common-law indemnity between
a retailer and a supplier who did not also produce a defectively designed or
manufactured product. See Bradley, 990 S.W.2d at 247; see also Weakly,
900 S.W.2d at 758. We overrule Federal's first issue. 

 VI. CONCLUSION


 Having overruled Federal's dispositive issue, we affirm the trial court's order
granting GEC's motion for summary judgment.

 ERRLINDA CASTILLO

 Justice

Opinion delivered and filed

this 24th day of April, 2003.
1. Tex. R. Civ. P. 11. 
2. We note that the majority of the pleadings of the other parties are not in the record, nor are
the orders of nonsuit or severance or the notice of removal. However, the parties agree, and the court's
docket sheet appears to confirm, that no other claims were pending before the court at the time
summary judgment was entered. 
3. The parties have not raised any issue with regard to the finality of the judgment in disposing
of GEC's cross-claim against Federal. The judgment states "clearly and unequivocally" that it is final. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204 (Tex. 2001). Accordingly, we determine that it
disposes of all pending claims and invokes our jurisdiction. 
4. Tex. Civ. Prac. & Rem. Code Ann. § 82.002 (Vernon 1997). 
5. Tex. Civ. Prac. & Rem. Code Ann. § 82.002 (Vernon 1997).